**DENTON COUNTY, Texas, Appellant,**

v.

**Collette JOHNSON, Appellee.**

No. 2–99–233–CV.

Court of Appeals of Texas, Fort Worth.

March 16, 2000.

Rehearing Overruled April 20, 2000.

Morris & Morris, Donna R. Morris, Flower Mound, for Appellant.

Rikki M. Rutchik, Dallas, for Appellee.

PANEL B: DAY, LIVINGSTON, and RICHARDS, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

### Introduction

Denton County (the "County") brings this interlocutory appeal from the trial court's order denying its motion for summary judgment. In May of 1996, Collette Johnson ("Johnson") filed a workers' compensation retaliation claim against the County after its Chief Deputy Sheriff, Charles Flemming ("Flemming"), dismissed Johnson based on the recommendation of Johnson's supervisor, Captain Betty Chancellor ("Chancellor"). The County pleaded official immunity through its employees as an affirmative defense, and filed its motion for summary judgment claiming that Flemming was entitled to official immunity. The trial court denied the County's motion. In a single point on appeal, the County argues the trial court erred in denying its motion for summary judgment based on official immunity. Because official immunity is not available as an affirmative defense to a workers' compensation retaliation claim, we affirm the trial court's judgment.

### Factual Background

In June 1995, Johnson was a detention officer with the Denton County Sheriff's Department assigned to booking at the county jail. Chancellor was the booking

supervisor, and Richard Garcia ("Garcia") was Johnson's immediate supervisor. Johnson had a history of back problems resulting from a car accident in 1994 and requested Chancellor to transfer her to a different position, claiming she was unable to do "pat-down" searches of inmates because of her condition. Chancellor denied Johnson's request and instructed her to refrain from performing pat-down searches.

On June 24, 1995, Johnson was involved in an altercation with an inmate and reinjured her back. Johnson did not return to work on June 26 and subsequently filed a workers' compensation claim. Johnson was advised by the County Loss Control Administrator to keep her supervisors apprised of her availability status by calling in at intervals "deemed necessary by her supervisors." Chancellor instructed Johnson to report her availability to Garcia or herself every other day. Johnson initially reported to Garcia that she would be unavailable for work for at least three weeks. On August 8, she delivered a note from her doctor excusing her from her duties until August 28.

During the time she was on workers' compensation leave, Johnson made repeated phone calls to the Sheriff's Department but did not regularly contact Chancellor or Garcia directly. Chancellor recommended Johnson's termination to Flemming based on her failure to report. Chancellor also informed Flemming that Johnson's absence was causing staffing problems and that she wanted to fill her position with a new trainee. Prior to her dismissal, Garcia had given Johnson a favorable evaluation but also noted that she needed to improve her attendance and refrain from arguing with her supervisors concerning certain job duties.

Based on Chancellor's recommendation, Flemming terminated Johnson while she was still on workers' compensation leave citing "Abandonment of Duties" as the reason for her discharge. Garcia, Flemming, and the Denton County Sheriff, Weldon Lucas, each testified by affidavit that the safety of jail inmates and personnel is dependant upon adequate staffing requiring supervisors to know the status of all employees.

## Procedural Background

On May 6, 1996, Johnson filed suit against the County asserting causes of action for: 1) employment discrimination in violation of Title VII of the Civil Rights Act; 2) breach of contract; 3) breach of an implied covenant of good faith and fair dealing; 4) wrongful discharge; 5) intentional infliction of emotional distress; 6) fraud; and 7) retaliation for filing a workers' compensation claim under section 451.001 of the Texas Labor Code. The County removed the case to Federal Court where both parties stipulated to dismissal with prejudice of all but the workers' compensation retaliation claim, and the case was remanded back to the state court. On April 20, 1998, the case was tried to a jury. A verdict could not be reached, and the judge granted a mistrial. On May 27, 1999, the County amended its answer to affirmatively assert the official immunity of its employees on its behalf. On June 9, 1999, the County filed a motion for summary judgment based on official immunity, which the trial court denied, and this appeal followed.[1]

## Complaint on Appeal

The County contends that because Flemming was exercising his discretionary duty to fire Johnson in good faith and within the scope of his authority, he is entitled to official immunity from suit arising out of his action. *See Tarrant County v. Dobbins*, 919 S.W.2d 877, 881 (Tex.

---

1. A person may appeal from an interlocutory order of a district court, county court at law, or county court that denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(5) (Vernon Supp.2000).

App.—Fort Worth 1996, writ denied) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994)). The County argues that it is entitled to assert Flemming's official immunity on its own behalf. *See Harris County v. Louvier*, 956 S.W.2d 106, 110 n. 8 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

## Standard of Review

In a summary judgment case the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Calvillo v. Gonzalez*, 922 S.W.2d 928, 929 (Tex.1996); *Honhorst v. University of North Texas*, 983 S.W.2d 872, 874 (Tex.App.—Fort Worth 1998, no pet.). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Honhorst*, 983 S.W.2d at 874.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *See Friendswood Dev. Co.*, 926 S.W.2d at 282; *Honhorst*, 983 S.W.2d at 874. To conclusively prove all of the elements of the affirmative defense, the movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *See Ryland Group, Inc., v. Hood*, 924 S.W.2d 120, 121 (Tex.1996); *Honhorst*, 983 S.W.2d at 874.

## Law

In 1973, the legislature enacted the Political Subdivisions Law[2] to require governmental entities to provide workers' compensation benefits to their employees and waived governmental immunity for such claims. *See City of La Porte v. Barfield*, 898 S.W.2d 288, 293 (Tex.1995). The legislature amended the Political Subdivisions Law in 1981[3] to "adopt" the Anti–Retaliation Law.[4] *See id.* at 295.

Under the Anti–Retaliation Law, "a person" may not discharge or in any other manner discriminate against an employee because the employee has filed a workers' compensation claim in good faith. *See* Tex. Lab.Code Ann. § 451.001(1) (Vernon 1996). The remedy for retaliation includes reasonable damages resulting to the employee, reinstatement to the former position of employment, and injunctive relief. *See id.* §§ 451.002—.003. To prevail on an anti-retaliation claim, the plaintiff must establish that but for the filing of the claim, the discharge would not have occurred when it did. *See Continental Coffee Prod. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *McIntyre v. Lockheed Corp.*, 970 S.W.2d 695, 697 (Tex.App.—Fort Worth 1998, no pet.). As originally enacted, the adoption of the Anti–Retaliation Law did not express a clear intent to waive sovereign immunity. *See Barfield*, 898 S.W.2d at 293.

The legislature amended the Political Subdivisions Law again in 1989, requiring an election of remedies between the Anti–Retaliation Law and the Whistleblower Act, for which the Legislature had clearly

2. Act of May 10, 1973, 63rd Leg., R.S., ch. 88, § 17, 1973 Tex. Gen. Laws 187, 198–200.

3. Act of May 23, 1981, 67th Leg., R.S., ch. 569, § 1, 1981 Tex. Gen. Laws 2311, 2311–12, *amended by* Act of May 24, 1983, 68th Leg., R.S., ch. 565, § 4, 1983 Tex. Gen. Laws 3260, 3264–65, *amended by* Act of December 12, 1989, 71st Leg., C.S., ch. 1, § 15.47, 1989 Tex. Gen. Laws 1, 113, *repealed and recodified by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, §§ 1, 5, 1993 Tex. Gen. Laws 987, 1250,

1273 (current version at Tex. Lab.Code Ann. § 504.002 (Vernon 1996)).

4. Act of April 22, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex. Gen. Laws 884, 884–85, *repealed and recodified by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, §§ 1, 5, 1993 Tex. Gen. Laws 987, 1250, 1273 (current version at Tex. Lab.Code Ann. § 504.002 (Vernon 1996)).

waived immunity. *See id.* at 297–98. The Texas Supreme Court determined in *City of LaPorte v. Barfield* that the requirement of an election expressed a clear intent by the Legislature to waive the sovereign immunity of political subdivisions because "it would make little sense to require an employee to elect between an action barred by immunity and one not barred." *Id.* at 298.

■■■■ In this case the County asserts official immunity, not sovereign immunity in bar of Johnson's claims. Official immunity and sovereign immunity are distinguishable. Official immunity protects individual officials from liability while sovereign immunity protects governmental entities. *See DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.1995). Although the Texas Supreme Court held in *Barfield* that sovereign immunity was waived under the Political Subdivisions Law, it has never addressed whether a governmental entity can assert the official immunity of its employees to a workers' compensation retaliation claim.

In support of its argument that the County is entitled to claim Flemming's official immunity, the County cites dicta from the Fourteenth District Court of Appeals in *Harris County v. Louvier,* where the court noted that Harris County appeared to be immune from liability in that case for the discharge of an employee by the District Clerk because the clerk was entitled to official immunity. *See Louvier,* 956 S.W.2d at 110 n. 8. The Fourteenth District observed the Texas Supreme Court's opinion in *DeWitt v. Harris County,* where it held that applicability of the Texas Tort Claims Act's [5] limited waiver of sovereign immunity may depend on whether the governmental employee is entitled to official immunity. *See DeWitt,* 904

S.W.2d at 653; *see also City of Beverly Hills v. Guevara,* 904 S.W.2d 655, 656 (Tex.1995) (holding official immunity may be asserted by a government unit under the Texas Tort Claims Act even if the governmental employee is not named as a party to the suit). The Fourteenth District surmised that even though *DeWitt* was decided under the Texas Tort Claims Act, the rationale was equally applicable in a workers' compensation retaliation suit. *See Louvier,* 956 S.W.2d at 110 n. 8. We disagree.[6]

Under the Texas Tort Claims Act, a governmental unit [7] is liable for property damage, personal injury, or wrongful death caused by an employee acting within the scope of his employment if it arose from the operation of a motor-vehicle or motor driven equipment, *and the employee would be personally liable to the claimant according to Texas law. See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1997). Similarly, a governmental unit is liable for personal injury or death caused by a condition or use of tangible personal or real property *if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. See id.* § 101.021(2). The Texas Supreme Court in *DeWitt* construed the italicized portion of both of these provisions to allow a county to assert the official immunity of its employees for their negligence when the basis of the county's liability is respondeat superior because that liability is derivative or indirect. *See DeWitt,* 904 S.W.2d at 653–54. Thus, the court observed "[i]t would serve no legislative purpose to declare a waiver of sovereign immunity when the basis of liability is respondeat superior *and the acts of the official are covered by official immunity.*"

5. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001—101.109 (Vernon 1997).

6. We also note that *Louvier* was decided under the Anti–Retaliation Law as it applied before the Political Subdivisions Act was amended to clearly waive sovereign immunity

for political subdivisions. *See Louvier,* 956 S.W.2d at 109.

7. A governmental unit includes a political subdivision of the State. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2)(B) (Vernon Supp. 2000).

*See DeWitt,* 904 S.W.2d at 654 (emphasis added).

■ In *Honhorst v. University of North Texas,* we held that use of the word "person" in the Anti–Retaliation Law refers only to employers. *See* 983 S.W.2d at 875–76. Our holding was based in part on the Texas Supreme Court's decision in *Texas Mexican Ry. Co. v. Bouchet,* 963 S.W.2d 52 (Tex.1998). *See Honhorst,* 983 S.W.2d at 875. The issue in *Bouchet* was whether a prospective employer could be held liable for acts that would be violative of the Anti–Retaliation Law. *See Bouchet,* 963 S.W.2d at 56–57. The Texas Supreme Court held that the Anti–Retaliation law is "intended to apply only to employees and employers who act[ed] under the Texas Workers' Compensation Act."[8] *Id.* In noting the court's holding in *Bouchet,* we held that the Anti–Retaliation Law does not create a cause of action against the individual supervisor of an employer. *See Honhorst,* 983 S.W.2d at 875–76 (citing *Stewart v. Littlefield,* 982 S.W.2d 133, 136–37 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding "person" means "employer" and no cause of action existed against individual supervisor)). *But see City of Palestine v. Ramirez,* 925 S.W.2d 250, 252–53 (Tex. App.—Tyler 1996) (allowing chief of police to assert official immunity to suit under Anti–Retaliation Law, prior to *Bouchet*). In this case, Flemming was not Johnson's "employer" but only a supervisor of the County, which was Johnson's employer. As such, no cause of action could exist against Flemming under the Anti–Retaliation Law.

■ Generally, government employees are entitled to official immunity *from suit* arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *See Chambers,* 883

S.W.2d at 653 (emphasis added). Official immunity is an affirmative defense. *See id.* An "affirmative defense" is a plea in bar or a defense in avoidance, rather than a defense in denial. *See Gorman v. Life Ins. Co. of North America,* 811 S.W.2d 542, 546 (Tex.), *cert. denied,* 502 U.S. 824, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991). The nature of an affirmative defense presupposes a *prima facie* claim. *See id; see also* 58 Tex. Jur.3d *Pleading* § 197 (1996) (citing authorities therein). It follows that without a claim for which suit may be brought, there is no affirmative defense to assert. Because no cause of action existed under the Anti–Retaliation Law against Flemming, Flemming could not assert official immunity as an affirmative defense. Therefore, there was no defense that the County could claim.

The County further argues that section 504.002(c) of the Political Subdivision Law does not authorize a cause of action or damages against a political subdivision beyond the actions and damages authorized by the Texas Tort Claims Act. *See* Tex. Lab.Code Ann. § 504.002(c) (Vernon 1996). It contends that section 101.026 of the Texas Tort Claims Act preserves and codifies an individual's official immunity, therefore, it may be asserted as an affirmative defense through the Political Subdivision Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.026 (Vernon 1997).

■ The Texas Supreme Court has indicated that section 504.002(c) should not be read too literally, holding that while the Political Subdivisions Act waives immunity from liability for actual damages, as well as reinstatement for back pay, subject to the limitations of the Tort Claims Act, it is not subject to the requirement of the Tort Claims Act that the injury arise from the operation or use of a motor vehicle or the condition or use of tangible personal or

---

8. While *Bouchet* was decided under article 8307c of the Texas Revised Civil Statutes Annotated, its recodification as Texas Labor Code section 451.001—.003 was not substantive and, therefore, the Texas Supreme Court held that it would reach the same result if decided under the Labor Code as recodified. *See Bouchet,* 963 S.W.2d at 56–57 (citing *Barfield,* 898 S.W.2d at 293).

**52**

real property. *See Kuhl v. City of Garland,* 910 S.W.2d 929, 931 (Tex.1995). The Political Subdivision Act waives sovereign immunity from suit. *See id.* We have already determined that the Anti-Retaliation Law does not create a cause of action against which official immunity can be asserted. Therefore, official immunity against a workers' compensation retaliation claim is not preserved under the Texas Tort Claims Act.

Because official immunity was not available to Flemming as an affirmative defense, we overrule the county's contention that it was entitled to assert Flemming's official immunity on its own behalf. Because the County did not prove that it was entitled to judgment as a matter of law, the trial court committed no error and properly denied the County's motion for summary judgment. Accordingly, we affirm the trial court's judgment.