Carl BATTIN, Ernesto Cisneros, Jose De La Cruz, Fred Flores, Thomas Gutierrez, Yvonne Gray, Lori Montorello, Sergio Reyes, and El Paso County Sheriff's Deputies' Association, Inc., Appellants,

v.

Sheriff Leo SAMANIEGO, in his individual and official capacity, El Paso County Sheriff's Civil Service Commission, and El Paso County, Texas, Appellees.

No. 08–98–00410–CV.

Court of Appeals of Texas, El Paso.

June 22, 2000.

B. Craig Deats, Jenkins & Deats, P.C., Austin, Patrick Bramblett, Bramblett & Associates, El Paso, for Appellants.

Edward M. Sosa, Asst. County Atty., Christine Pacheco, El Paso, for Appellees.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## *O P I N I O N*

SUSAN LARSEN, Justice.

In this case, former deputies and detention officers with the El Paso County Sheriff's Department allege that Sheriff Leo Samaniego retaliated against them for filing workers' compensation claims.[1] They are joined by their Sheriff's Deputies' Association in appealing from a summary judgment favoring El Paso County Sheriff Leo Samaniego and El Paso County. We reverse and remand for trial.

## *FACTS*

Defendant Leo Samaniego is El Paso County Sheriff. He was re-elected to a four-year term of office beginning January 1, 1997. Plaintiffs Carl Battin, Ernesto Cisneros, Jose De La Cruz, Thomas Gutierrez, Yvonne Gray, Lori Montorello, Sergio Reyes, and Fred Flores were employees of the Sheriff's Department before Samaniego's new term began in 1997, and all had suffered lost-time injuries for which they had filed workers' compensation claims. Subsequently, the Sheriff undertook a review of all employees to decide whom he would deputize for his new term of office. The Sheriff chose not to reappoint only nine employees: the eight plaintiffs and one other individual, all of whom had made workers' compensation claims.

1. TEX. LAB.CODE ANN. § 451.001 (Vernon 1996).

2. *See* TEX.R. CIV. P. 64, 65.

3. *See* TEX.R. CIV. P. 69.

4. TEX.R. CIV. P. 166a(i).

5. *City of El Paso v. Hernandez*, 16 S.W.3d 409 (Tex.App.—El Paso 2000, review denied) (cit-

The eight plaintiffs, joined by the El Paso County Sheriff's Deputies' Association, brought suit against the County, the Sheriff, and the Civil Service Commission, alleging violations of Texas Labor Code Section 451.001. The defendants filed several motions for summary judgment, as set out in detail below. The trial court entered summary judgment for the County, Sheriff, and Civil Service Commission without stating the grounds it relied upon. This appeal follows.

## Defendants' no-evidence motion for summary judgment

As a preliminary matter, we find it necessary to examine the summary judgment motions filed by defendants. Defendants filed a motion for summary judgment, a supplemental motion for summary judgment, and a first amended supplemental motion for summary judgment. An amended motion supercedes the original motion;[2] a supplemental motion is considered in addition to an original motion.[3] We will, therefore, consider here the original motion and amended supplemental motion.

Defendants' first amended supplemental motion for summary judgment was filed under Texas Rule of Civil Procedure 166a(i), urging there was no evidence which could defeat sovereign immunity or official immunity. We find the County and Sheriff's reliance on Rule 166a(i) to be misplaced; that provision of the summary judgment rule is only available for claims or defenses where "an adverse party would have the burden of proof at trial."[4] Sovereign immunity is an affirmative defense,[5] as is official immunity.[6] Accordingly, the

ing *Camacho v. Samaniego*, 954 S.W.2d 811, 817 (Tex.App.—El Paso 1997, writ denied)).

6. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *City of El Paso v. Higginbotham*, 993 S.W.2d 819, 822 (Tex. App.—El Paso 1999, no pet.) (citing *Wadewitz v. Montgomery*, 951 S.W.2d 464, 465 (Tex. 1997)).

burden is upon defendants to establish all elements of the defense as a matter of law.[7] To the extent the trial court's summary judgment may have been based upon this amended supplemental motion, therefore, it was error. We must still, however, address appellants' complaints as they apply to defendants' traditional summary judgment motion.

## Defendants' original motion for summary judgment

■ The defendants' original motion for summary judgment claimed there was no genuine issue of material fact on the following issues: (1) Plaintiffs were at-will employees and had no protected property interest in their continued employment as Texas Local Government Code Section 85.003(c) affirmatively states that deputies and other department employees "serve[s] at the pleasure of the sheriff;" (2) plaintiffs were not discharged, but rather were not re-deputized to serve during the Sheriff's new term, and as there was no discharge, there could be no violation of the Labor Code; (3) sovereign immunity protects defendants from a suit for retaliation; (4) official immunity protects the sheriff and the county is entitled to rely on the sheriff's official immunity; and (5) judicial immunity protects all proceedings before the civil service commission, which is a quasi-judicial body.[8] Defendants affirmatively state that, at this stage in proceedings, they do not challenge the causal connection between plaintiffs' filing of compensa-

tion claims and the Sheriff's decision not to reappoint them to their positions. The trial court's order granting summary judgment did not specify the grounds upon which it was granted. If the trial court's order is sustainable on any ground properly before it, therefore, we affirm the judgment.

## Sovereign immunity

■ In their first issue,[9] the plaintiffs challenge summary judgment insofar as it was based upon the affirmative defense of sovereign immunity. Sovereign immunity is available to the County and the Sheriff in his official capacity; the Sheriff sued in his official capacity is not an entity distinct from the County. Rather, this is just another way of pleading a suit against the County, for which the Sheriff serves as agent.[10]

■ Whether defendants are entitled to sovereign immunity is a question of law.[11] Sovereign immunity, unless waived, protects the State, its agencies, and its officials from lawsuits for damages absent legislative consent to sue.[12] For the legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language.[13]

■ It is by now well established that the legislature has clearly waived sovereign immunity for its political subdivisions in actions brought under the anti-

7. *Camacho,* 954 S.W.2d at 817; *Higginbotham,* 993 S.W.2d at 822.

8. The El Paso County Sheriff's Civil Service Commission was a defendant below. Its quasi-judicial immunity claims has not been challenged on appeal, and therefore summary judgment as to that defendant is final.

9. Plaintiff Fred Flores filed his own brief on appeal; all other appellants filed a joint brief. Flores's brief is framed in a single global issue asserting that appellees "are not immune from the anti-retaliation provisions of the Texas Labor Code" with a subpoint urging that "the political subdivisions law (Section 504) applies to counties and county officials."

10. *Bexar County v. Giroux–Daniel,* 956 S.W.2d 692, 695 (Tex.App.—San Antonio 1997, no writ); *Bowles v. Wade,* 913 S.W.2d 644, 649 (Tex.App.—Dallas 1995, writ denied).

11. *Harris County v. Louvier,* 956 S.W.2d 106, 107 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

12. *Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 405 (Tex.1997); *Honhorst v. University of North Texas,* 983 S.W.2d 872, 874 (Tex.App.—Fort Worth 1998, no pet.).

13. *Honhorst,* 983 S.W.2d at 874.

retaliation provision of the Labor Code. The Political Subdivisions Law requires governmental entities, including counties, to provide workers' compensation benefits for its employees and waived immunity for such claims.[14] The anti-retaliation statute was clearly included in that waiver, as the Texas Supreme Court has held.[15] Sovereign immunity was waived by the legislature long before the adverse job actions at issue here. Issue One of plaintiffs' Battin, Cisneros, De La Cruz, Gutierrez, Gray, Montorello, Reyes, and the Sheriff's Deputies' Association is sustained. The global issue of plaintiff Flores is sustained to the extent that it addresses the defendants' claim of sovereign immunity.

### Official immunity

■ In their second issue on appeal, plaintiffs[16] urge that official immunity does not bar their claims against the County and the Sheriff in his official capacity.[17] We agree. Because official immunity is an affirmative defense available only to an individual, neither the Sheriff sued in his official capacity nor El Paso County are entitled to assert it.

This issue was recently addressed by the Fort Worth Court of Appeals in *Denton County v. Johnson.*[18] There, a former employee of the Denton County Sheriff's Department sued the County for workers' compensation retaliation. The County contended on summary judgment that because plaintiff's supervisor was exercising his discretionary duties, in good faith, and within the scope of his authority in firing the plaintiff, he would be entitled to assert official immunity, and the County was entitled to the protection of that immunity as well.[19] Holding that the County was not entitled to assert its employee's official immunity, the court relied upon the Supreme Court's language in *Texas Mexican Ry. Co. v. Bouchet,*[20] observing that the anti-retaliation law was "intended to apply only to employees and employers who act[ed] under the Texas Workers' Compensation Act."[21] Thus, the Fort Worth court reasoned, the anti-retaliation law does not create a cause of action against an individual supervisor, but against the employer itself.[22] The court observed that official immunity, as an affirmative defense available to the governmental employee sued individually, had no place in a lawsuit where individual liability did not exist. Applying this logic to the case before us, it follows that without a claim for which suit can be brought, there is no official immunity defense to assert, and no defense for the County (or Sheriff in his official capacity) to rely upon vicariously.[23]

---

**14.** Tex. Lab.Code Ann. § 504.001–002 (Vernon 1996 & Supp.2000); *Denton County v. Johnson,* 17 S.W.3d 46, 49–50 (Tex.App.—Fort Worth 2000, no pet. h.).

**15.** Tex. Lab.Code Ann. § 504.003 (Vernon 1996); *City of LaPorte v. Barfield,* 898 S.W.2d 288, 293 (Tex.1995); *see also Louvier,* 956 S.W.2d at 109 (where county employee was terminated before 1991 effective date of election requirement, upon which *Barfield* was substantially founded, county was entitled to immunity).

**16.** Except plaintiff Flores, whose global issue includes this argument.

**17.** Plaintiffs do not dispute that Sheriff Samaniego, in his individual capacity, is entitled to official immunity.

**18.** 17 S.W.3d 46 (Tex.App.—Fort Worth 2000, no pet. h.).

**19.** *Id.,* at 48–49.

**20.** 963 S.W.2d 52, 56–57 (Tex.1998).

**21.** 17 S.W.3d at 50—51 (quoting *Texas Mexican Ry. Co. v. Bouchet,* 963 S.W.2d 52, 56–57 (Tex.1998)).

**22.** *Id.; Honhorst,* 983 S.W.2d at 875–76.

**23.** 17 S.W.3d at 50–51. *But see Louvier,* 956 S.W.2d at 110 n. 8 ("The County failed to argue another possible basis for its immunity from liability.... Hardy's official immunity defense", decided pre-*Bouchet*); *City of Palestine v. Ramirez,* 925 S.W.2d 250, 252–53 (Tex.App.—Tyler 1996, no pet.) (official immunity asserted in suit for retaliation, pre-*Bouchet*).

■ We agree with this reasoning, and hold that the County and the Sheriff in his official capacity are not entitled to the protections afforded by official immunity. To the extent that cases have found official immunity relevant to an anti-retaliation claim, we note they were decided before the Supreme Court's *Bouchet* decision. Where a supervisor cannot be sued as an individual, as in an anti-retaliation case, official immunity has no application. It follows that official immunity cannot be vicariously asserted by the County. Plaintiffs' second issue on appeal is sustained. Plaintiff Flores's global issue is sustained to the extent it addresses the official immunity issue.

### At-will employment does not preclude a claim of retaliation

In plaintiffs' fourth issue on appeal[24] they assert that the trial court erred insofar as summary judgment was granted based upon their status as at-will employees. We agree.

The County and Sheriff contend, and plaintiffs acknowledge, that as deputies and detention officers they were at-will employees. The County and Sheriff further contend that this status precludes a retaliation claim under Texas Labor Code Section 451.001, pointing to language in the local government code stating that "a deputy serves at the pleasure of the sheriff."[25]

■ This statute, however, simply reaffirms Texas's general at-will employment rule, granting sheriffs and other elected county officials authority to hire and fire.[26] It does no more than place the sheriff in the same position as every other at-will employer in Texas. We agree that the legislature intended sheriffs' employees to have at-will job status, but neverthe-less the legislature can, and has, created exceptions to at-will employment. As discussed in the section concerning sovereign immunity, the legislature clearly intended to limit an employer's ability to retaliate against employees for filing workers' compensation claims. Moreover, the legislature clearly intended this prohibition to apply to counties and county officials. The statute stating that a deputy serves at the pleasure of the sheriff does not change this. Plaintiffs' fourth issue is sustained, and Flores's global issue is sustained to the extent it challenges this contention.

### Assuming plaintiffs were not discharged they still stated a cause of action for failure to reappoint

■ Plaintiffs' third issue on appeal[27] urges that Sheriff Samaniego's failure to reappoint them to serve during his new term of office, rather than discharging them, may still constitute prohibited retaliation under Texas Labor Code Section 451.001. Under a plain reading of the statute, we agree.

■ The relevant portion of the Labor Code reads:

**Discrimination Against Employees Prohibited.**

A person may not discharge *or in any other manner discriminate* against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A[the workers' compensation act]; or

(4) testified or is about to testify in a proceeding under Subtitle A.[28]

---

24. Except plaintiff Flores, whose global issue includes this argument.

25. Tex. Loc. Gov't Code Ann. § 85.003(c) (Vernon 1999).

26. *Abbott v. Pollock*, 946 S.W.2d 513, 516 (Tex.App.—Austin 1997, writ denied).

27. Except plaintiff Flores, whose global issue includes this argument.

28. Tex. Lab.Code Ann. § 451.001 (Vernon

Even assuming there is some substantive difference between discharge and failure to reappoint,[29] the legislature did not limit its prohibition to discharge only. *Any* discriminatory job action against an employee is covered under the anti-retaliation law.[30] The third issue of Battin, Cisneros, De La Cruz, Gutierrez, Gray, Montorello, Reyes, and the Deputies' Association is sustained. That portion of Flores's global issue on appeal dealing with this issue is likewise sustained.

### Attorney's fees

In their fifth issue on appeal, plaintiffs claim error in the trial court's award of attorney's fees to defendants. It is not clear that the trial court intended to award attorney's fees, but to the extent it might have done so, it was error and that issue is sustained.

### *CONCLUSION*

We find that the trial court erred in granting summary judgment as to the County of El Paso and Sheriff Leo Samaniego in his official capacity. The case is remanded for further proceedings consistent with this opinion.

---

1996) (emphasis added).

**29.** And a good argument can be made that there is no real difference between the two. *See Brady v. Fort Bend County,* 145 F.3d 691, 703 (5th Cir.1998) ("that the deputies were terminated by a 'failure to rehire' rather than a 'dismissal' is irrelevant to the question of whether they were impermissibly terminated"); *Warnock v. Pecos County,* 116 F.3d 776, 779 n. 1 (5th Cir.1997) ("[f]or our purposes, there is no difference between firing and declining to reappoint").

**30.** *See Castro v. U.S. Natural Resources, Inc.,* 880 S.W.2d 62, 65 (Tex.App.—San Antonio 1994, writ denied) (indefinite leave of absence without pay subject to anti-retaliation law); *Southwestern Elec. Power Co. v. Martin,* 844 S.W.2d 229, 232 (Tex.App.—Texarkana 1992, writ denied) (removal from rehabilitation program and change of status from full salary to long-term disability constituted discrimination under anti-retaliation law).