**SAN ANTONIO STATE HOSPITAL,**
**Appellant,**

v.

**Louis C. LOPEZ, Appellee.**

**No. 04–01–00755–CV.**

Court of Appeals of Texas,
San Antonio.

May 15, 2002.

Rehearing Overruled June 13, 2002.

Christopher J. Gale, Mark Anthony Sanchez, Gale, Wilson & Sanchez, P.L.L.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, and KAREN ANGELINI, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

The San Antonio State Hospital ("Hospital") appeals the trial court's denial of its plea to the jurisdiction based on official immunity. The sole issue presented is whether the trial court erred in denying the Hospital's plea because the Hospital's immunity was retained through the official immunity of its employees. We affirm the trial court's order.

### BACKGROUND

On October 28, 1994, Louis C. Lopez ("Lopez") was injured in the course of his employment with the Hospital and filed a claim for workers' compensation benefits. Lopez was terminated on February 15, 1995, and subsequently brought suit against the Hospital saying that he was discriminated against and ultimately discharged in retaliation for pursuing the workers' compensation claim.[1]

The Hospital filed a plea to the jurisdiction. Although the Hospital recognized that the Texas Supreme Court has held that its sovereign immunity was waived with regard to workers' compensation anti-retaliation claims,[2] the Hospital asserted that the waiver of sovereign immunity did not limit its ability to raise an affirmative defense through its employees'

Joseph D. Hughes, Asst. Solicitor Gen., Austin, for Appellant.

---

1. Lopez further alleged that his discharge was discriminatory because of his age; however, the Hospital only appeals the denial of its plea to the jurisdiction with regard to the workers' compensation anti-retaliation claim. Accordingly, the age discrimination claim is not an issue in this appeal.

2. See Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1 (Tex.2000).

official immunity. The Hospital attached affidavits to support its contention that its employees were entitled to official immunity. At the hearing on the Hospital's plea, Lopez's attorney argued that official immunity was not applicable because no individual defendants had been sued and the Hospital was not entitled to raise an official immunity defense. The trial court denied the Hospital's plea, and the Hospital filed this interlocutory appeal.[3]

## STANDARD OF REVIEW

A trial court's ruling on a plea to the trial court's subject matter jurisdiction is reviewed de novo. *Herring v. Welborn*, 27 S.W.3d 132, 136 (Tex.App.-San Antonio 2000, pet. denied); *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). "The court should, of course, confine itself to the evidence relevant to the jurisdictional issue." *Id.*

## DISCUSSION

"The Anti–Retaliation Law of the Texas Labor Code prevents a person from discharging or discriminating against an employee for filing a workers' compensation claim in good faith." *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 2 (Tex. 2000); *see also* TEX. LAB.CODE ANN. § 451.001 (Vernon 1996). The Hospital recognizes that the Texas Supreme Court held in *Fernandez* that the Hospital's sov-ereign immunity has been waived for claims. alleging a violation of the Anti–Retaliation Law. 28 S.W.3d at 9. However, the Hospital contends that the Texas Supreme Court "did not limit the Hospital's ability to preserve its immunity from suit by raising the affirmative defense of its employees' official immunity on its own behalf, under the rule established in *De-Witt v. Harris County*, 904 S.W.2d 650 (Tex.1995)."

In *DeWitt*, the issue presented was whether a governmental entity may have respondeat superior liability under the Texas Tort Claims Act for the negligence of its employee when the employee possesses official immunity. 904 S.W.2d at 651. In that case, the plaintiff brought suit against a deputy constable and Harris County for wrongful death based on the negligent acts of the deputy. *Id.* The plaintiff's claim against the county was based solely on respondeat superior liability. *Id.* The Texas Supreme Court initially noted that official immunity and sovereign immunity are distinct forms of immunity. *Id.* at 653. "Official immunity protects individual officers from liability; sovereign immunity protects governmental entities from liability." *Id.* The court further noted that an employee's entitlement to official immunity may affect whether the governmental entity's immunity is waived. *Id.*

The court reasoned that the immunity waiver under the Texas Tort Claims Act is predicated upon the governmental entity's respondeat superior liability which turns on the liability of its employee. *Id.* at 654.

---

3. Lopez contends that we do not have jurisdiction to consider this appeal because the Hospital's plea to the jurisdiction was based on official immunity, which is properly asserted in a motion for summary judgment, not a plea to the jurisdiction. Even assuming that the Hospital was required to raise the issue in a motion for summary judgment rather than a plea to the jurisdiction, a denial of a summary judgment based on official immunity also is an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.2002).

"Official immunity, like any other affirmative defense the employee may have, becomes relevant to the governmental entity's liability." *Id.* The court concluded, "It would serve no legislative purpose to declare a waiver of sovereign immunity when the basis of liability is respondeat superior and the acts of the employee are covered by official immunity." *Id.* The court held that the county was not liable under the Texas Tort Claims Act "for the negligence of its employee when the employee has no liability because of official immunity." *Id.*

Although "express[ing] no opinion on this basis for immunity," one intermediate Texas appellate court has stated that the rationale in *DeWitt* would likely allow a governmental entity to assert the official immunity of its employees to defend a claim under the Anti–Retaliation law. *See Harris County v. Louvier,* 956 S.W.2d 106, 110 n. 8 (Tex.App.-Houston [14th Dist.] 1997, no pet.). However, in a more lengthy analysis directly expressing an opinion on the application of *DeWitt* in the context of the Anti–Retaliation Law, two other intermediate Texas appellate courts have distinguished *DeWitt* and held that a governmental entity is not entitled to assert official immunity as a defense to a claim under the Anti–Retaliation law. *See Battin v. Samaniego,* 23 S.W.3d 183 (Tex. App.-El Paso 2000, pet. denied); *Denton County v. Johnson,* 17 S.W.3d 46 (Tex. App.-Fort Worth 2000, pet. denied).

In *Denton County v. Johnson,* Johnson filed a workers' compensation retaliation claim against the county after its chief deputy dismissed her based on the recommendation of her supervisor. 17 S.W.3d at 47. The county pled official immunity through its employees as an affirmative defense and filed a motion for summary judgment, claiming that its employees were entitled to official immunity. *Id.* The Fort Worth court distinguished *DeWitt,*

noting that unlike the Texas Tort Claims Act, a supervisory employee cannot be liable for a violation of the Anti–Retaliation Law. *Id.* The Fort Worth court reasoned that only an employer is liable for an anti-retaliation claim, and the county was Johnson's only employer. *Id.* at 51. Noting that official immunity is an affirmative defense, the court concluded:

> The nature of an affirmative defense presupposes a *prima facie* claim. It follows that without a claim for which suit may be brought, there is no affirmative defense to assert. Because no cause of action existed under the Anti–Retaliation Law against [the chief deputy], [the chief deputy] could not assert official immunity as an affirmative defense. Therefore, there was no defense that the County could claim.

*Id.* (citations omitted).

In *Battin v. Samaniego,* the El Paso court adopted the reasoning of the Fort Worth court. 23 S.W.3d at 187. In *Battin,* eight plaintiffs brought suit against El Paso County's Sheriff (Leo Samaniego), the county, and the civil service commission. *Id.* at 185. The El Paso court initially noted that Samaniego had been sued in his official capacity, and having been sued in his official capacity Samaniego "is not an entity distinct from the county." *Id.* at 186. In response to the official immunity assertion, the El Paso court asserted, "Because official immunity is an affirmative defense available only to an individual, neither the Sheriff sued in his official capacity nor El Paso County are entitled to assert it." *Id.* at 187. The El Paso court agreed with the reasoning of the Fort Worth Court, holding, "Where a supervisor cannot be sued as an individual, as in an anti-retaliation case, official immunity has no application. It follows that official immunity cannot be vicariously asserted by the County." *Id.* at 188.

The Hospital contends that *Battin* and *Johnson* are based on the flawed premise that liability under the Anti–Retaliation Law is direct because the use of the term "person" in that statute means "employer." Although the Hospital asserts that this premise is flawed, this court previously recognized that the term "person" for purposes of the Anti–Retaliation Law means "employer," and the Hospital concedes that individual employees are not liable under the Anti–Retaliation Law.

In *Fernandez v. Kerrville State Hosp.*, 985 S.W.2d 121, 125 (Tex.App.-San Antonio 1998), *aff'd*, 28 S.W.3d 1 (Tex.2000), we asserted:

> As the [*City of La Porte v.*] *Barfield* [898 S.W.2d 288 (1995)] Court recognized, the Anti–Retaliation Law prohibits discriminatory treatment by a "person," not an "employer." But the Anti–Retaliation Law also prohibits discriminatory treatment "against an employee." And it is axiomatic that a "person" cannot discriminate against an "employee" unless the "person" is an "employer."

985 S.W.2d at 125 (citations omitted). The Texas Supreme Court approved this reasoning in affirming this court's judgment, noting:

> Finally, we note that the Legislature's purpose in enacting the Anti–Retaliation Law was to protect employees from retaliation. An individual is only an "employee" with respect to his employer. As the court of appeals in *Fernandez* observed, "it is axiomatic that a 'person' cannot discriminate against an 'employee' unless the 'person' is an 'employer.'" This Court has already recognized that the Legislature did not intend the word "person" in the Anti–Retaliation Law to be used in the broadest sense: "When considering the entire legislative history of [the Anti–Retaliation Law], the Legislature's intent is unmistakable: [the Anti–Retaliation Law] is intended to apply only to employees and employers who act under the Texas Workers' Compensation Act."

28 S.W.3d at 9 (citations omitted).

The premise upon which the holdings in *Battin* and *Johnson* are based—that no cause of action exists against supervisory employees under the Anti–Retaliation Law—has been recognized by this court and the Texas Supreme Court in directly analyzing the Anti–Retaliation Law. The reasoning in *DeWitt* is distinguishable. Under the holding in *DeWitt*, a governmental entity may assert the official immunity of its employees when: (1) the basis of liability is respondeat superior; and (2) the acts of the employee are covered by official immunity, i.e., the employee has no liability because of official immunity. 904 S.W.2d at 654. In this case, the second element which otherwise would permit the Hospital to assert official immunity under *DeWitt* is missing. The individual employees do not have liability because no cause of action exists against them, not because of official immunity. Because no cause of action exists against supervisory employees, the affirmative defense of official immunity, which shields an individual from liability, has no application to a claimed violation of the Anti–Retaliation Law.

### CONCLUSION

We adopt the reasoning of *Battin* and *Johnson* and affirm the trial court's order. Lopez has requested sanctions in his brief because he contends that the Hospital has pursued a frivolous appeal. Although we disagree with the Hospital's position, we do not find that the appeal was frivolous and filed only for delay. We deny the requested sanctions.