**HIDALGO COUNTY, Appellant,**

v.

**James Brady PARKER, Appellee.**

**No. 13–01–835–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 1, 2002.

Eduardo G. Garza, George Christian Kraehe, Willette, Guerra & Trevino, Brownsville, for Appellant.

Gustavo L. Acevedo, Jr., Attorney At Law, Pharr, for Appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and RODRIGUEZ.

## OPINION

VALDEZ, Chief Justice.

This is an interlocutory appeal arising from the denial of a motion for summary judgment. Through three issues, the appellant, Hidalgo County ( "the County"), argues the trial court erred when it denied its motion for summary judgment because: 1) the County is immune; 2) the County articulated a legitimate, non-discriminatory reason for plaintiff's discharge; and 3) the plaintiff failed to show a nexus between his workers' compensation claim and his termination. We affirm.

### Facts

Appellee, James Brady Parker ("Parker"), an employee of the County, worked as a police officer in the Hidalgo County High Intensity Drug Trafficking Area Task Force ("task force"). On August 8, 1997, Parker suffered an on the job injury when, in the process of making an arrest, he slipped and fell bruising his right forearm and legs. On August 18, 1997, he was diagnosed by Dr. Clark as having a contusion and multiple changes in the right knee. On September 18, 1997, Parker was given a $2,500.00 raise, increasing his salary to $30,500.00. On April 8, 1998, Dr. Clark informed the County's district attorney that Parker had a severe degenerative joint disease involving his right knee which precludes him from returning to any kind of gainful employment. Dr. Clark further stated he did not foresee Parker being able to return to work in the near future.

In April 1998, Parker's employer discussed light-duty work such as answering the telephone, but Parker advised his employer that he was not medically cleared to perform such work. A letter dated July 8, 1998, informed Parker that his position with the task force would be eliminated by December 31, 1998, because of "budget reduction cuts mandated by the National HIDTA Office." Parker was informed a second time of his prospective termination by a letter dated July 31, 1998. On November 2, 1998, Parker's employer received another letter from Dr. Clark stating that Parker has a "severe degenerative problem in his right knee, for which he has had several operations, and has postoperative problems including infections that have required additional surgery." Dr. Clark further stated in that letter that Parker is "permanently disabled from returning to his usual and customary work in law enforcement."

On December 31, 1998, Parker's position was eliminated. Officer Daniel Castillo, a co-worker of Parker, also had his position cut for budgetary reasons. Officer Castillo had not made a prior workers' compensation claim.

### Procedural History

Parker brought his claim for retaliatory discharge under the Texas Labor Code. TEX. LAB. CODE ANN. § 451.001 (Vernon Supp.2002). The County filed its motion for summary judgment on November 26, 2001, arguing entitlement to summary judgment based on 1) official immunity, 2) no evidence as to a nexus between Parker's workers' compensation claim and his termination, and 3) arguing that the County articulated a legitimate, non-discriminatory reason for Plaintiff's discharge with Parker providing no evidence of pretext.

The trial court entered an order denying the motion for summary judgment. The County filed this appeal under section 51.014(a)(5) of the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE.ANN. § 51.014(a)(5) (Vernon Supp. 2002) (a person may appeal from an interlocutory order if the summary judgment denial is based on an assertion of immunity "by an individual who is an officer or employee of the state or a political subdivision of the state").

## Analysis

■ In reviewing a summary judgment record, appellate courts must apply the following standards: (1) the movant has the burden of showing that there is no issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex.1985). When a defendant moves for summary judgment on the basis of an affirmative defense, he must conclusively prove all essential elements of that defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972).

■ In the County's first issue on appeal it argues the trial court erred in denying summary judgment because it was entitled to the affirmative defense of official immunity. The County asserts it is immune because "the acts of its employees are covered by official immunity."

■ Whether the County is entitled to immunity is a question of law. *Flippin v. City of Beaumont,* 525 S.W.2d 285, 288 (Tex.Civ.App.-Beaumont 1975, no writ). We review questions of law de novo. *See Hull & Co. v. Chandler,* 889 S.W.2d 513,

517 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The County asserts official immunity, not sovereign immunity, in bar of Parker's claims. Official immunity and sovereign immunity are distinguishable. Official immunity protects individual officials from liability while sovereign immunity protects governmental entities. *See City of Beverly Hills v. Guevara,* 904 S.W.2d 655, 656 (Tex.1995).

The County relies on the analysis in *DeWitt v. Harris County,* 904 S.W.2d 650, 651-54 (Tex.1995), to support its contention that it is entitled to vicariously assert the official immunity of its employees.

In *DeWitt,* the issue presented was whether a governmental entity may have respondeat superior liability under the Texas Tort Claims Act for the negligence of its employee when the employee possesses official immunity. *Id.* at 651. In that case, the plaintiff brought suit against a deputy constable and Harris County for wrongful death based on the negligent acts of the deputy. *Id.* The Texas Supreme Court held that "It would serve no legislative purpose to declare a waiver of sovereign immunity when the basis of liability is respondeat superior and the acts of the employee are covered by official immunity." *Id.* The court held that DeWitt County was not liable under the Texas Tort Claims Act "for the negligence of its employee when the employee has no liability because of official immunity." *Id.*

Three intermediate appellate courts which have addressed the issue currently before us, distinguished *DeWitt* and held that a governmental entity is not entitled to assert official immunity under the Anti-Retaliation law. *See San Antonio State Hosp. v. Lopez,* 82 S.W.3d 566 at 567 (Tex. App.-San Antonio 2002, no pet. h.); *Battin v. Samaniego,* 23 S.W.3d 183, 188 (Tex.

App.-El Paso 2000, pet. denied); *Denton County v. Johnson,* 17 S.W.3d 46, 51–52 (Tex.App.-Fort Worth 2000, pet denied); *but see Harris County v. Louvier,* 956 S.W.2d 106, 110 n. 8 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (although "expressing no opinion on this basis for immunity," the Fourteenth Court of Appeals stated that the rationale in *DeWitt* would likely allow a governmental entity to assert the official immunity of its employees to defend a claim under the Anti–Retaliation law).

In *Denton,* the Fort Worth Court of Appeals distinguished *DeWitt,* noting that unlike the Texas Tort Claims Act, a supervisory employee cannot be liable for a violation of the Anti–Retaliation law. *Denton,* 17 S.W.3d at 47. The court held that only an employer is liable for an anti-retaliation claim, and it "follows that without a claim for which suit may be brought, there is no affirmative defense to assert." *Id.* at 51. The court further reasoned:

> Because no cause of action existed under the Anti–Retaliation Law against [the chief deputy], [the chief deputy] could not assert official immunity as an affirmative defense. Therefore, there was no defense that the County could claim.

*Id.*

In *Battin,* the El Paso court adopted the reasoning in *Denton. Battin,* 23 S.W.3d at 187. In that case, plaintiffs brought suit against the county sheriff, the county, and the civil service commission. *Id.* at 185–86. That court reasoned that "[b]ecause official immunity is an affirmative defense available only to an individual, neither the Sheriff sued in his official capacity nor El Paso County are entitled to assert it." *Id.* at 187. The court reasoned that "[w]here a supervisor cannot be sued as an individual, as in an anti-retaliation case, official immunity has no application. It follows

that official immunity cannot be vicariously asserted by the County." *Id.* at 188.

The Fourth Court of Appeals in *Lopez* "adopt[ed] the reasoning in *Battin* and *Johnson,*" stating that the premise upon which the holdings are based is "that no cause of action exists against supervisory employees under the Anti–Retaliation Law." *Lopez,* at 569.

This Court adopts the reasoning in *Battin, Johnson,* and *Lopez* and holds that the affirmative defense of official immunity is not available to the County as a defense to claims brought under section 451 of the labor code. Accordingly, the trial court did not err in denying the County's motion for summary judgment on the basis of official immunity.

Appellant's first issue is overruled.

■ Appellant's second issue argues Parker failed to establish a genuine issue of material fact that the reason articulated for Parker's dismissal was merely pretextual. In its third issue, the County argues that the trial court erred in denying summary judgment because Parker failed to show evidence of a nexus between his workers' compensation claim and his termination.

In Texas, appeals may only be had from final orders or judgment, and interlocutory orders may be appealed only if permitted by statute. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). Our review of the first point of error was permitted by statute under section 51.014(a)(5) of the civil practice and remedies code which provides for an appeal from an interlocutory order denying a motion for summary judgment that is based on an assertion of immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (Vernon Supp 2002). Appellant's remaining two points of error, however, are not permitted by stat-

ute. Accordingly, we dismiss those two issues for want of jurisdiction. *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 97 (Tex.2000) (dismissal of interlocutory appeal for want of jurisdiction).

### Conclusion

Having overruled the only issue properly before this Court, we affirm the trial court's order denying appellant's motion for summary judgment.