ACCEPTED
04-15-00548-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/28/2015 4:22:17 PM
KEITH HOTTLE
CLERK

NO. 04-15-00548-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/28/2015 4:22:17 PM
KEITH E. HOTTLE
Clerk

RUFINA REYES YANEZ

*Appellant*,

v.

AMERICAN GENERAL LIFE INSURANCE CO.

*Appellee*.

ON APPEAL FROM THE 341ST JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS

Trial Court Cause No. 2014CVF000504 D3

**APPELLEE'S RESPONSE TO APPELLANT'S NOTICE OF COURT TO ABATE THE APPELLATE PROCEDURE ON THIS CASE**

David T. McDowell
State Bar No. 00791222
Jason A. Richardson
State Bar No. 24056206
Robert P. Debelak III
State Bar No. 24078410

EDISON, MCDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Ste. 2100
Houston, Texas 77027
Telephone:  713-337-5580
Facsimile:   713-337-8850
david.mcdowell@emhllp.com
jason.richardson@emhllp.com
bobby.debelak@emhllp.com

*Counsel for Appellee*

## I.    Introduction.

1.    In a misguided attempt to avoid dismissal of her time-barred appeal, Plaintiff-Appellant Rufina Reyes Yanez filed a "Notice of Court to Abate the Appellate Procedure on This Case" (the "Notice").  The Notice is not really a notice, but a disguised motion[1] seeking an order abating these proceedings for an indefinite period.  The Court should deny the relief sought in the Notice because it lacks jurisdiction to hear this appeal.

## II.    Procedural History.

2.    The trial court granted summary judgment in favor of Appellee American General Life Insurance Company on May 13, 2015 (the "Judgment," attached as Exhibit 1).  Pursuant to the Judgment, all of Appellant's claims were dismissed with prejudice.  Judgment, ¶ 3.  The Judgment further provides that it "is a final order that dispenses with all claims before the Court."  *Id.*

3.    Appellant filed her "Motion to Set Aside the May 13, 2015 Order Granting Defendant's Traditional Motion for Summary Judgment" on June 5, 2012 ("Motion to Set Aside," attached as Exhibit 2).  This was clearly a motion for a new trial, as Plaintiff expressly argued that she was "entitled to a new trial because the May 13, 2015, order deprived her of her claim for relief regarding conversion."

---

[1] The Notice did not contain a certificate of conference, which is required of all motions pursuant to Rule 10.1(a)(5) of the Texas Rules of Appellate Procedure.  Appellant cannot escape this requirement by naming her filing a "notice" as opposed to a "motion."  Appellee objects to the Notice because of this deficiency.

*Id.*, ¶ 16.  In her prayer, "Plaintiff ask[ed] the Court to set a hearing on her motion for new trial and enter a written order within 75 days of May 13, 2015, setting aside the order granting [Appellee]'s motion for a final summary judgment."  *Id.*, ¶ 19.

4.      On June 12, 2015, Appellant filed three separate supplements to the Motion to Set Aside, entitled as follows:

> a.  "Supplemental Plaintiff's Motion to Set Aside the May 13, 2015, Order Granting Defendant's Traditional Motion for Summary Judgment and in the Alternative Motion for New Trial" (attached as Exhibit 3).
>
> b.  "Plaintiff's Supplement to Her Motion to Set Aside the May 13, 2015, Summary Judgment" (attached as Exhibit 4).
>
> c.  "Second Supplement to Plaintiff's Motion for New Trial" (attached as Exhibit 5).

5.      The trial court denied the Motion to Set Aside "in its entirety" on July 20, 2015 (the "July 20 Order," attached as Exhibit 6).  Appellant filed her Notice of Appeal on September 3, 2015.

## III.    Legal Argument.

6.      Appellant argues that the Court should abate this appeal because the July 20 Order "did not address [her] Motion for New Trial."  *See* Notice, ¶ 2. Appellant makes the strained argument that because she did not file a document with the phrase "Motion for New Trial" in the title until after filing the Motion to Set Aside, the trial court did not address her request for a new trial in the July 20

Order.  As a result, argues Appellant, her appeal is premature and should be abated because the trial court has not yet ruled on a pending motion.  This is nonsense.

7.      A plain reading of the Motion to Set Aside reveals that Appellant clearly moved the trial court for a new trial.[2]  The three documents she filed on June 12, 2015 were *supplements* to the Motion to Set Aside, not separate and distinct motions.  *Battin v. Samaniego*, 23 S.W.3d 183, 185 (Tex. App.—El Paso 2000, pet. denied) ("An amended motion supercedes the original motion; a supplemental motion is considered in addition to an original motion.") (citing TEX. R. CIV. P. 69).  As such, there was only *one* motion before the trial court when it issued the July 20 Order, and that motion included Appellant's request for a new trial.

8.      The July 20 Order denied the Motion to Set Aside "in its entirety," and along with it all of Appellant's requests for a new trial.  There is nothing left for which the trial court must still issue a ruling.  Appellant's Notice has no basis in law or fact.

9.      Even if the trial court had not yet issued a ruling on some pending request for a new trial, Appellant's Notice of Appeal was still untimely because the filing deadline is not determined by reference to a ruling on a motion for new trial.  Pursuant to Rule 26.1(a) of the Texas Rules of Appellate Procedure, "the notice of

---

[2] *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[Courts] look to the substance of a motion to determine the relief sought, not merely to its title.").

appeal must be filed within **90 days after judgment is signed** if any party timely files … a motion for new trial." TEX. R. APP. P. 26(a)(1) (emphasis added). The "deadline for filing her notice of appeal does not run from the date of the denial of her motion for new trial, but rather from the date of the signing of the summary judgment granted for appellees." *Powell v. Linh Nutrition Programs, Inc.*, 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.).

10. Here, the Judgment was signed on May 13, 2015. Accordingly, Appellant only had until August 11, 2015 to file her Notice of Appeal (90 days after the Judgment). She did not do so until September 3, 2015. As a result, the Court lacks jurisdiction for this matter and should dismiss, not abate, this appeal as a matter of law.

## IV. Conclusion.

For the reasons set forth herein and in Appellee's Motion to Dismiss, the Court should deny the request for relief in Appellant's Notice and dismiss this appeal for want of jurisdiction.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By:_____

    David T. McDowell
    State Bar No. 00791222
    Jason A. Richardson
    State Bar No. 24056206
    Robert P. Debelak III
    State Bar No. 24078410
    3200 Southwest Freeway, Suite 2100
    Houston, Texas 77027
    Telephone:  713-337-5580
    Facsimile:   713-337-8850
    *Attorneys for the Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 28th day of September, 2015, on the following counsel of record by US Mail and email:

Armando Trevino
1519 Washington St., Suite One
Laredo, TX 78042-0544
armando_trevinolaw@hotmail.com
armandotrevinolaw@gmail.com

_____

Jason A. Richardson

## <u>CERTIFICATE OF COMPLIANCE</u>

Per Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document has 954 words, as calculated by Microsoft Word, the word processing software used to create the document.

Jason A. Richardson