MARY'S OPINION HEADING 



 NO. 12-02-00305-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


FARON BOSTIC AND
§
 APPEAL FROM THE 

LISA BOSTIC THOMPSON,

APPELLANTS


V.
§
 COUNTY COURT AT LAW



HAROLD BOSTIC,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 This is an appeal from an order granting a will proponent's no-evidence motion for summary
judgment. We reverse and remand.


Background


 Jean Bostic died on or about January 1, 2001, without ever having married. Her survivors
were her brothers, Harold and Sanford Bostic.

 Harold sought to probate a 1986 document as Jean Bostic's will, alleging that a "diligent
search has been made for the original will but the original will has been lost." Sanford Bostic
contested the admission to probate of the 1986 document. In his Third Supplemental Application
for Probate of Will and for Issuance of Letters Testamentary, Harold asks alternatively that in the
event the 1986 document is denied admission to probate, the holographic will of Jean Bostic be
admitted to probate. Harold is named in both instruments as the sole beneficiary of the decedent's
estate.

 During the pendency of the will contest, Sanford died, and his children, Faron and Lisa,
succeeded to his position in the case.

 Harold filed a no-evidence motion for summary judgment contending that there was no
evidence sufficient to raise a genuine issue of material fact as to issues of revocation, testamentary
capacity, and undue influence. The motion cited parts of Lisa's and Faron's depositions. The trial
court granted the motion for summary judgment. Although Harold did not bring a traditional motion
for summary judgment, in its order the trial court held that as a matter of law, the decedent did
nothing to revoke the 1986 will, that she had testamentary capacity, and that the 1986 will was not
the product of undue influence.


Applicable Law


 Texas Rule of Civil Procedure 166a(i) states that "a party . . . may move for summary
judgment on the ground that there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial." Its applicability is not
limited to any particular types of cases. In re Estate of Davis v. Cook, 9 S.W.3d 288, 292 (Tex.
App.-San Antonio 1999, no pet.). The only limitation is that a party cannot bring a no-evidence
summary judgment motion on a ground upon which he has the burden of proof. See David F.
Johnson, The No-Evidence Motion for Summary Judgment in Texas, 52 Baylor L. Rev. 929, 936
(2000).

 An appellate court should review a no-evidence summary judgment under the legal
sufficiency standard that is used in directed verdict appeals. Aguirre v. South Tex. Blood & Tissue
Ctr., 2 S.W.3d 454, 456 (Tex. App.-San Antonio 1999, pet. denied). The court reviews


 the evidence in the light most favorable to the respondent, against whom the no-evidence summary
judgment was rendered, disregarding all contrary evidence and inferences. A no-evidence [motion
for] summary judgment is improperly granted if the respondent brings forth more than a scintilla of
probative evidence to raise a genuine issue of material fact. Less than a scintilla of evidence exists
when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of fact. 
More than a scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair minded people to differ in their conclusions."

 

 . . . .


 Materiality is a criterion for categorizing factual disputes in relation to the legal elements of
the claim. The materiality determination rests on the substantive law and those facts that are identified
by the substantive law as critical are considered material. Stated differently, "[o]nly disputes over
facts that might affect the outcome of the suit under the governing law will properly preclude the entry
of summary judgment."


 A material fact issue is genuine if the evidence is such that a reasonable jury could find the
fact in favor of the non-moving party. If the evidence simply shows that some metaphysical doubt . . .
exists [as to a challenged fact], or if the evidence is not significantly probative, the material fact issue
is not "genuine" (citations omitted).



Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.-San Antonio 1998, pet. denied).

 Appellants present one issue for review contending that the trial court erred in granting
Harold's motion for summary judgment.


Testamentary Capacity


 In their first sub-issue, Appellants contend that the trial court erred in granting summary
judgment on the issue of testamentary capacity because Harold had the burden to prove testamentary
capacity.

 Harold, as the will proponent, had the burden of proving the testamentary capacity of the
decedent. Croucher v. Croucher, 660 S.W.2d 55, 57 (Tex. 1983); In re Estate of Graham, 69
S.W.3d 598, 604 (Tex. App.-Corpus Christi 2002, no pet.). It is error to grant a motion for summary
judgment on an issue for which the movant has the burden of proof. Battin v. Samaniego, 23
S.W.3d 183, 185 (Tex. App.-El Paso 2000, pet. denied).

 Appellants also challenge the trial court's holding that Jean Bostic's testamentary capacity
had been established as a matter of law. We agree with Appellants that Harold did not seek
summary judgment on that basis and the holding was not supported by the pleadings or evidence. 
In his motion, Harold sought only to prove that Faron and Lisa had no evidence bearing on the issue,
and he offered no positive proof to establish Jean's testamentary capacity.

 The failure of the non-movants to produce evidence on an issue or element on which the
movant has the burden does not establish the matter to be proven as a matter of law. Appellants'
first sub-issue is sustained.


Revocation


 In his motion, Harold incorrectly maintained that Faron and Lisa had the burden to prove that
the will offered for probate had been revoked, and that he was entitled to summary judgment because
they could produce no evidence of revocation. It is, however, Harold's burden, as the will's
proponent, to prove non-revocation. Tex. Prob. Code Ann. § 88(b)(3) (Vernon 2003); Ashley v.
Usher, 384 S.W.2d 696, 698 (Tex. 1964). Where, as in the instant case, the proponent has failed to
produce the original of the document sought to be probated, a rebuttable presumption is raised that
the testator destroyed the will with the intention of revoking it. See Pearce v. Meek, 780 S.W.2d
289, 291 (Tex. App.-Tyler 1989, no writ). Harold offered no evidence to establish that Jean Bostic
did not revoke the lost 1986 will. The trial court erred in granting a no-evidence summary judgment
on an issue on which the movant had the burden of proof. See Samaniego, 23 S.W.3d at 185.

 The trial court also held that Harold had established the non-revocation of the will as a matter
of law. Even if Harold's motion could be considered a traditional motion for summary judgment,
such a holding would be unsupported by evidence. Appellants' second sub-issue is sustained.


Undue Influence


 Appellants, in their third sub-issue, contend the trial court erred in granting summary
judgment because they produced evidence, amounting to more than a scintilla, that the 1986 will was
the product of undue influence exerted by Harold on the testator.

 The contestants have the burden of proof on the issue of undue influence. To set aside a will
because of undue influence, a contestant must prove "(1) the existence and exertion of an influence,
(2) the effective operation of such influence so as to subvert or overpower the mind of the testator
at the time of the execution of the testament; and (3) the execution of a testament which the maker 
thereof would not have executed but for such influence." Rothermel v. Duncan, 369 S.W.2d 917,
922 (Tex. 1963); In re Estate of Graham, 69 S.W.3d at 609. Because undue influence is usually
subtly exerted, often over an extended period, it frequently must be proven by circumstantial
evidence. See id.


 In the absence of direct evidence[,] all of the circumstances shown or established by the evidence
should be considered; and even though none of the circumstances standing alone would be sufficient
to show the elements of undue influence, if when considered together they produce a reasonable belief
that an influence was exerted that subverted or overpowered the mind of the testator and resulted in
the execution of the testament in controversy, the evidence is sufficient to sustain such conclusion.


Id.

 Factors to be considered in determining the existence of undue influence are, as follows:


 (1) the nature and type of relationship existing between the testator, the contestants and the party
accused of exerting such influence;


 (2) the opportunities existing for the exertion of the type of influence or deception possessed or
employed;


 (3) the circumstances surrounding the drafting and execution of the testament;


 (4) the existence of a fraudulent motive;


 (5) whether there has been an habitual subjection of the testator to the control of another;


 (6) the state of the testator's mind at the time of the execution of the testament;


 (7) the testator's mental or physical incapacity to resist or the susceptibility of the testator's mind to
the type and extent of the influence exerted;


 (8) words and acts of the testator;


 (9) weakness of mind and body of the testator, whether produced by infirmities of age or by disease
or otherwise;


 (10) whether the testament executed is unnatural in its terms of disposition of property.



Id. at 609-10. To this list should be added (11) whether the beneficiary participated in the
preparation or execution of the instrument. Guthrie v. Suiter, 934 S.W.2d 820, 831 (Tex.
App.-Houston [1st Dist.] 1996, no writ).

 Circumstances that are as consistent with a will executed free from improper influence as
they are with a will resulting from undue influence cannot be considered as evidence of undue
influence. Mackie v. McKenzie, 900 S.W.2d 445, 450 (Tex. App.-Texarkana 1995, writ denied). 
Although undue influence may be proven by circumstantial evidence, the evidence must do more
than create a suspicion that undue influence existed when the will was executed. Reynolds v. Park,
485 S.W.2d 807, 813 (Tex. Civ. App.-Amarillo 1972, writ ref'd n.r.e.). To raise a fact question on
undue influence, the evidence must be more than purely speculative. Kirkpatrick v. Raggio, 319
S.W.2d 362, 366 (Tex. Civ. App.-Fort Worth 1958, writ ref'd n.r.e.). Mere opportunity to exercise
undue influence is no proof that it was exerted. Miller v. Flyr, 447 S.W.2d 195, 202-03 (Tex. Civ.
App.-Amarillo 1969, writ ref'd n.r.e.).

 Harold testified that he took Jean Bostic to an attorney in 1986 to make a will expressly
revoking all prior wills. He acknowledged that he had the opportunity to exercise undue influence
over his sister. Faron testified that he was not sure the handwriting in which the 1985 holographic
will was written was actually his aunt's handwriting. He thought many of the words in the will did
not sound like words Jean Bostic would have used. Faron also testified that he did not believe she
would have left her other brother out of her will.

 Lisa was similarly uncertain about the handwriting in the 1985 holograph. She testified that
her aunt told her that she intended to leave her property to Harold and Sanford. She knew Jean
Bostic took Valium during the period that included the time the will was executed. Although she
believed that Harold unduly influenced her aunt to sign the will, she knew of no specific facts
showing this. Faron knew of no specific incident of Harold unduly influencing Jean Bostic during
the months January through July 1986. He did remember, however, that Harold often got his way
"through intimidation, manipulation, and threats."

 The evidence offered by Appellants shows that Harold had the opportunity to unduly
influence Jean Bostic, and that Harold was capable of being a manipulative, intimidating person.
Weighing all of the evidence produced by Appellants against the relevant factors, we conclude that
the evidence of undue influence is purely speculative, and, at the most, raises only a surmise or
suspicion that such influence existed and was exerted to effect the execution of the 1986 instrument. 
No fact issue was raised. Appellants third sub-issue is overruled.


Conclusion


 The summary judgment is reversed and the cause remanded to the trial court.


 BILL BASS 

 Justice

Opinion delivered August 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.


(PUBLISH)