## Carol CLASSEN, Petitioner

v.

## IRVING HEALTHCARE SYSTEM, Respondent.

### No. D–4597.

Supreme Court of Texas.

April 27, 1995.

Rehearing Overruled June 15, 1995.

Steven J. Williams, Steven J. Williams, P.C., Irving, for petitioner.

Jeff W. Ryan, Charles T. Frazier, and B. Michael Bennett, Cowles & Thompson, Dallas, for respondent.

PER CURIAM.

Carol Classen sued her former employer, Irving Healthcare System, alleging that it discharged her in retaliation for pursuing a claim for workers' compensation benefits. Such retaliation, if it occurred, would be prohibited by what was then article 8307c, TEX. REV.CIV.STAT.ANN., and is now codified as sections 451.001–.003 of the Labor Code. Irving Healthcare System is a municipal hospital authority created by the City of Irving pursuant to then article 4437e(3), TEX.REV. CIV.STAT.ANN. now section 262.003 of the Health and Safety Code. It is thus a governmental entity and as such, immune from suit except to the extent the Legislature has waived that immunity. The trial court concluded that governmental immunity has not been waived for liability under article 8307c, and consequently granted summary judg-

ment for Irving Healthcare. The court of appeals affirmed. 868 S.W.2d 815.

Today we have decided in *City of La Porte v. Barfield,* 898 S.W.2d 288 (Tex.1995), that governmental immunity has been waived in part in wrongful discharge cases. For the reasons we have there explained, a majority of this Court grants Classen's application for writ of error and without hearing oral argument, reverses the judgment of the court of appeals and remands this case to the trial court for further proceedings consistent with *Barfield.* TEX.R.APP.P. 170.