**HARRIS COUNTY, Appellant,**

v.

**Linda LOUVIER, Appellee.**

No. 14–96–00208–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 18, 1997.

Barbara Baruch, Houston, for appellant.

Dennis M. Beck, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

The issues in this case concern the liability of appellant, Harris County ("the County"), for retaliatory discharge under former article 8307c of the Workers' Compensation Act ("the Anti–Retaliation Law"). Appellee, Linda Louvier ("Louvier"), sued the County and Ray Hardy, former Harris County District Clerk ("Hardy"), alleging they violated former article 8307c by firing Louvier after she suffered a workplace injury. The jury found that Hardy acted in good faith, but that the County violated the act, and found $25,000 in damages for lost wages and employment benefits. The trial court entered judgment against the County on the verdict, awarded $42,000 in damages, which included pre-judgment interest, and ordered Louvier reinstated to her position in the clerk's office. The County alleges in nine points of error that it is immune from suit, the evidence is legally and factually insufficient to establish it discriminated against Louvier or to support the damages awarded, the trial court submitted an erroneous charge, and that the reinstate-ment order is void because the current clerk is not a party to the suit. We reverse and render.

■ In its first point of error, the County asserts that the trial court erred in denying its objections to the charge on the County's liability or damages because the County is entitled to immunity. In point of error two, the County asserts that the trial court erred in denying its motion for judgment pursuant to TEX.R. CIV. P. 301 based on its immunity. Sovereign immunity is an affirmative defense, which the County properly pleaded. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). Whether a governmental entity is entitled to immunity is a question of law. *Flippin v. City of Beaumont,* 525 S.W.2d 285, 288 (Tex.Civ. App.—Beaumont 1975, no writ). We review questions of law de novo. *See Hull & Co. v. Chandler,* 889 S.W.2d 513, 517 (Tex.App.— Houston [14th Dist.] 1994, writ denied).

The Texas Supreme Court has long recognized that sovereign immunity, unless waived, protects the State of Texas, its agencies and its officials from lawsuits for damages, absent legislative consent to sue the State. *Federal Sign v. Texas Southern Univ.,* 951 S.W.2d 401, 405 (1997). It is the Legislature's sole province to waive or abrogate sovereign immunity, and waiver of immunity must be done by clear and unambiguous language. *University of Texas Medical Branch v. York,* 871 S.W.2d 175, 177 (Tex. 1994). Accordingly, we must examine the applicable statutes to determine whether the legislature has expressly waived immunity in this case.

The Anti–Retaliation Law provides that "a person" may not discharge or discriminate against an employee for filing a workers' compensation claim in good faith. TEX. LAB. CODE ANN. § 451.001 (Vernon 1996).[1] Reme-

---

1. The Anti–Retaliation Law, former TEX.REV.CIV. STAT. ANN. art. 8307c, was originally enacted in 1971 and provided that:

    Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

    Section 2. A person who violates any provision of Section 1 of this Act shall be liable for

dies for such retaliation include reasonable damages resulting to the employee, reinstatement to the former position of employment, and injunctive relief. TEX. LAB.CODE ANN. §§ 451.002–.003 (Vernon 1996). As originally enacted, the Anti–Retaliation Law did not clearly and unambiguously waive governmental immunity. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 293 (Tex.1995).

In 1993, the Anti–Retaliation Law was recodified in the Labor Code. The recodification was intended by the Legislature to be "without substantive change." TEX. LAB. CODE ANN. § 1.001(a) (Vernon 1996). The Code Construction Act, adopted by the Legislature in 1985, provides that in codes adopted by the 60th or subsequent Legislature, the word "person" includes governmental entities. TEX. GOV'T CODE ANN. § 311.002, 311.005(2) (Vernon 1988). This provision does not affect the construction of the Anti–Retaliation Law prior to 1993, however, because it was not part of a code to which the Code Construction Act applies. *Barfield*, 898 S.W.2d at 294. Moreover, the Texas Supreme Court determined in *Barfield* that to construe the recodification of the Anti–Retaliation Law to waive governmental immunity would constitute a very significant change in violation of the Legislature's express intent not to make such changes. *Id.* Accordingly, the court concluded that the Anti–Retaliation Law does not waive governmental immunity. *Id.*

Instead, the court looked to the Political Subdivisions Law to find a waiver of immunity. *Barfield*, 898 S.W.2d at 294–97. The Political Subdivisions Law, first enacted in 1973, requires governmental entities to provide compensation benefits to their employees.[2] Because it expressly contemplated that political subdivisions would be liable for compensation benefits and could be sued on compensation claims, the Political Subdivisions Law clearly and unambiguously waived governmental immunity for such claims. *Id.* at 294. The original law did not waive immunity for claims of retaliatory discharge, however. *Id.* at 295.

In 1981, the Legislature amended the Political Subdivisions Law to "adopt" the Anti–Retaliation Law.[3] The adoption of the Anti–Retaliation Law does not express a clear intent to waive immunity. *Barfield*, 898 S.W.2d at 295. The amendment provided in section 3(b) that the words "association," "subscriber," or "employer" mean "a political subdivision." Act of May 31, 1981, 67th Leg., R.S., ch. 352, § 3(b), 1981 Tex. Gen. Laws 937, 938. Neither former article 8307c, nor the current version of the Anti–Retaliation Law, use the term "employer;" instead, the operative term is "person." The *Barfield* court concluded that the adoption of the Anti–Retaliation Law, accompanied by these definitions, did not express a clear intent to waive immunity. *Barfield*, 898 S.W.2d at 295. The court found a further indication of legislative intent, however, in the 1981 amendment's exception for cities choosing to provide "ultimate access to district court" for wrongful discharge. *Id.* at 296. Construing this amendment, the court concluded that the Legislature contemplated city employees would have at least a minimal remedy for wrongful discharge, and it must have intended to impose a limited waiver of *cities'* immunity from liability for reinstatement and back pay for violations of the Anti–Retaliation Law for cities failing to waive immunity voluntarily. *Id.* at 296–97 (emphasis added).

In 1989, the Legislature again amended the Political Subdivisions Law, but the amendment was not effective until January 1,

reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.
Act of April 22, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex. Gen. Laws 881, *repealed by* Act of Sept. 1, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. Laws 1273 (current version at TEX. LAB.CODE ANN. §§ 451.001–003). Because the Anti–Retaliation Law's recodification in the La-

bor Code was without substantive change, we refer to the current version of the law.

2. Act of May 10, 1973, 63rd Leg., R.S., ch. 88, § 17, 1973 Tex. Gen. Laws 187, 198–200 (formerly codified as TEX.REV.CIV. STAT. ANN. art. 8307h and now recodified at TEX. LAB.CODE ANN. §§ 504.002–.003 (Vernon 1996)).

3. Act of May 31, 1981, 67th Leg., R.S., ch. 352, § 3, 1981 Tex. Gen. Laws 937, 937–38.

1991.[4] One of the changes provided a requirement for an election of remedies between the Anti–Retaliation Law and the Whistleblower Act, for which immunity has clearly been waived.[5] The Texas Supreme Court found that the requirement of an election suggested immunity was also waived for the Anti–Retaliation Law because "it would make little sense to require an election between an action barred by immunity and one not barred." *Barfield*, 898 S.W.2d at 298. Though the court found the amended law internally conflicting, it finally concluded that "the 1989 Political Subdivisions Law, recodified in 1993, waives immunity from liability for actual damages, as well as for reinstatement and back pay," subject to the limitations of the Tort Claims Act for damages, including a bar on punitive damages. *Barfield*, 898 S.W.2d at 299.[6] In discussing this 1989 election of remedies provision, the court stated "the Legislature must have intended to waive *political subdivisions'* immunity for liability imposed by the Anti–Retaliation Law." *Id.* at 298 (emphasis added). Even though the issue before the *Barfield* court concerned a city's immunity, Louvier argues that this language means that its discussion concerned all political subdivisions.[7] However, the 1989 version of the Political Subdivisions Law, and consequently *Barfield's* discussion of it, are inapplicable here. Louvier was terminated on April 6, 1989. The 1989 amendment provides: "The change in law made by this Act applies only to an injury for which the date of injury is on or after the

effective date of this Act." Act of December 12, 1989, 71st Leg., 2d C.S., ch. 1, § 17.18(c), 1989 Tex. Gen. Laws 1, 122. With respect to the Anti–Retaliation Law, "injury" means termination or other discriminatory conduct. *Barfield*, 898 S.W.2d at 299. Accordingly, the 1981 version of the Political Subdivisions Law applies. Therefore, the election of remedies provision in the 1989 amendment does not operate to impose a waiver of immunity in this case.

The Legislature must use clear and unambiguous language to waive sovereign immunity. *El Paso Elec. Co. v. Texas Dep't of Ins.*, 937 S.W.2d 432, 443 (Tex.1996); *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980). There is no language in the 1981 amendment clearly waiving immunity for entities other than cities. Nor are there other indicia of legislative intent making the inference of waiver unavoidable. *See Barfield*, 898 S.W.2d at 297. To find a waiver, perfect clarity is not required, yet the statute must leave no reasonable doubt of its purpose. *Id.* at 292. Here, because the legislature specifically referred only to cities in the 1981 amendment to the Political Subdivisions Law, there is no waiver of immunity for counties. *See id.* at 295–96. We hold that under the Anti–Retaliation Law, which has never been amended, and the 1981 version of the Political Subdivisions Law, there is no clear waiver of immunity for counties. *See Texas Dep't of Health v. Ruiz*, 1997 WL 235080, No. 08–96–00255–CV, —— S.W.2d —— (Tex.App.—El Paso 1997, no denied) (holding that there is no waiver of

4. Act of December 12, 1989, 71st Leg., 2d C.S., ch. 1, § 15.47, 1989 Tex. Gen. Laws 1, 113 (formerly codified as Tex.Rev.Civ. Stat. Ann. art. 8309h).

5. Under the Whistleblower Act, "[a] state agency or local government may not suspend or terminate the employment of or discriminate against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002 (Vernon 1994).

6. The court did not decide whether the restriction in the Political Subdivisions Law to "actions and damages authorized by the Texas Tort Claims Act" further limits application of the Anti–Retaliation Law to governmental entities because that issue was not before them in *Barfield*, 898 S.W.2d at 299. The court later held

that the requirement that the injury arise from the operation or use of a motor vehicle or motor driven equipment or the condition or use of tangible personal or real property does not apply to claims under the Anti–Retaliation Law. *Kuhl v. City of Garland*, 910 S.W.2d 929, 931 (Tex.1995).

7. Relying on *Barfield*, the Supreme Court found that governmental immunity for a municipal hospital authority has been waived in wrongful discharge cases. *Classen v. Irving Healthcare System*, 898 S.W.2d 300 (Tex.1995). The employee in *Classen* was terminated on November 15, 1991, after the effective date of 1989 amendment to the Political Subdivisions Law, however. *See also Canutillo ISD v. Olivares*, 917 S.W.2d 494, 498–99 (Tex.App.—El Paso 1996, no writ) (finding a waiver of immunity for a retaliatory discharge claim brought by a school district employee terminated in 1993).

sovereign immunity in the 1981 version of the Political Subdivisions Law for a claim by an employee of a state agency under the Anti–Retaliation Law).

In conclusion, we hold that the County is entitled to sovereign immunity.[8] Therefore, we sustain points of error one and two and need not address the County's remaining points. Accordingly, we reverse the judgment of the court below and render judgment that Louvier take nothing.

---

8. The County failed to argue another possible basis for its immunity from liability. Ray Hardy, the District Clerk, was found to have acted in good faith, which was the only contested element of Hardy's official immunity defense. The court entered a take-nothing judgment as to Hardy based on the good faith finding. It appears that the County is liable to Louvier only under a respondeat superior theory. As the County points out, under the Government Code, only the District Clerk can control the hiring and firing of his deputies. TEX. GOV'T CODE ANN § 51.309 (Vernon 1988 & Supp. Pamph.1997); *State v. Hardy*, 769 S.W.2d 353, 355 (Tex.App.—Houston [1st Dist.] 1989, no writ); *see also Renken v. Harris County*, 808 S.W.2d 222, 225 (Tex.App.—Houston [14th Dist.] 1991, no writ) (recognizing that elected county officials generally have unbridled authority in hiring and firing their employees).

It is well established that the act of the servant is the act of the master, and that which excuses or justifies one will also excuse or justify the other. *Cameron Compress Co. v. Kubecka*, 283 S.W. 285, 287 (Tex.Civ.App.—Austin 1926, writ ref'd). "It would serve no legislative purpose to declare a waiver of sovereign immunity when the basis of liability is respondeat superior and the acts of the employee are covered by official immunity." *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995). When the employee has no liability because of official immunity, the county should not be liable for the actions of that employee. *See id.* Even though *DeWitt* concerned an employee's negligence under the Tort Claims Act, we see no reason why the same rationale should not apply to these facts. However, because the County did not raise this issue on appeal, we express no opinion on this basis for immunity.