COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-232-CV

 

 

AEROBIC MAINTENANCE & SERVICE, INC.                              APPELLANT

 

                                                   V.

 

FIRST UNITED BANK & TRUST CO.                                           APPELLEE

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an appeal from a summary judgment in a
suit against a bank for failing to promptly return a check in accordance with
section 4.302 of the Texas Business and Commerce Code.  Tex. Bus. & Com. Code Ann. ' 4.302
(Vernon 2002).  In six issues, appellant
Aerobic Maintenance & Service, Inc. contends that (1) the trial court has
unpublished, unapproved Aprivate local rules of procedure@ that
conflict with the rules of civil procedure, (2) the trial court violated
appellant=s due process rights by
permitting counsel for appellee First United Bank & Trust Co. to communicate
ex parte with the court without allowing appellant the opportunity to respond,
(3) notice of a submission date is not notice that a summary judgment motion is
set for a hearing, (4) the trial court failed to comply with rule 166a by
failing to hold a hearing, (5) the trial court erred by denying a motion for
continuance before ruling on the motion for summary judgment, and (6) the trial
court erred by granting summary judgment based on objected-to evidence.  Because the trial court=s
procedure is proper under the rules of civil procedure and the Denton County
local rules, and because summary judgment was proper under the applicable
standard of review, we affirm.

                                        Background
Facts

Appellant installed two septic systems for
Interstate Construction, a business owned by Mike McEvers.  Interstate Construction issued a check dated
September 21, 2005, which appellant deposited on October 7, 2005.  On October 14, 2007, appellant=s bank
told appellant that the check was being returned unpaid.  After investigating, appellant discovered
that Linda McEvers had reported the check to her bank, appellee, as lost or
stolen.  The check never cleared.








Appellant sued appellee, Interstate Construction,
the McEverses, and others on October 5, 2007. 
Appellant alleged the following causes of action against appellee:  failing to timely act upon a check when
presented for payment (Texas Business and Commerce Code section 4.302(a)) and
retaining a check beyond midnight of the day after receiving it without
settling or sending a notice of dishonor or return (section 4.302(b)).  Id. ' 4.302(a),
(b).








On December 6, 2007, just over two months later,
appellee filed a traditional motion for summary judgment, contending that it
could prove as a matter of law that even though appellant deposited the check
on Friday, October 7, 2005, appellee did not actually receive the check until
Tuesday, October 11, 2005 because it was closed on Columbus DayCMonday,
October 10, 2005Ca federal holiday on which banks
were required to close.  Appellee
attached as summary judgment evidence a copy of the proclamation signed by
President Bush requiring the banks to close for Columbus Day and a copy of its
records showing that the check had been returned at 10:50 p.m. on Wednesday,
October 12, 2005.  These copies were
sworn to by Lisa Harris, an officer of appellee and supervisor of the
Bookkeeping Department.  In her
affidavit, Harris avers that she is familiar with the check in question, that
Monday, October 10, 2005 was a federal holiday, that the endorsement on the
check shows that it was deposited with appellant=s bank
on October 7, 2005, a Friday, that appellee did not receive the check until
Tuesday because of the holiday, and that appellee returned it at 10:50 p.m. the
next Wednesday as evidenced by the attached return log.

On the last page of the summary judgment motion
is the following Notice of Hearing:

A hearing submission date on the above and foregoing
Defendant First United Bank & Trust Co.=s Motion for Summary Judgment is set for the 7
day of January, 2008 at _ o=clock _.m. in this Court.

 

SIGNED this 6 day of December, 2007.

The strikeouts and the underlined words were handwritten on the
document.  The trial judge=s
signature appears immediately below the Notice.








On January 4, 2008, three days before the
scheduled submission date of the motion for summary judgment, appellant filed
objections to the Harris affidavit, claiming that (1) there is an
irreconcilable difference between the affidavit and the return log attached as
an exhibit because the exhibit shows only the date the check was received, not
the date of return, (2) the affidavit contains hearsay and is not based on
personal knowledge, and (3) the attached exhibits are hearsay.  The same day, appellant also filed a verified
motion for continuance, alleging that there had not been an adequate time for
discovery and that appellant had agreed to voluntarily dismiss appellee if it
provided business records explaining the notations on the back of the check but
that appellee had not done so, instead filing the motion for summary
judgment.  Appellant never filed a
response to the motion for summary judgment.

The clerk=s record
also contains a letter dated January 7, 2008, addressed to the trial judge and
copied to appellant=s counsel, objecting to appellant=s motion
for continuance and response as untimely under both the rules of civil
procedure and the Denton County local rules. 
The letter also attached case law holding that the trial court=s
setting a submission date rather than a hearing date on the motion for summary
judgment is proper.

The trial court did not expressly rule on
appellant=s objections or motion for
continuance.  Instead, on February 7,
2008, the court signed a Final Summary Judgment in favor of appellee.  The judgment begins,

On the 7th day of
January, 2008 came on for submission to the Court the Motion for Summary
Judgment filed by FIRST UNITED BANK & TRUST CO. . . . .  The Court, examining the motions and
affidavits on file finds that Defendant=s Motion for Summary Judgment as a matter of law
should be granted. . . . 

 

The trial court later severed the summary judgment on appellee=s
motion, making it final and appealable.








                  Did
Trial Court Properly Submit Summary Judgment

                               Motion
Without Oral Argument?

 

Appellant=s first
four issues challenge the procedure by which the trial court submitted appellee=s motion
for summary judgment.  Specifically,
appellant contends that submission of the motion without oral argument is not
authorized by rule of civil procedure 166a(c) and Denton County Local Rule
1.11.5, that appellee=s alleged ex parte communication
to the trial court violated appellant=s due
process rights, and that notice that the motion would be Asubmitted@ on
January 7, 2008 was not notice of the required Ahearing@ under
rule 166a(c).

Rule 166a(c) refers to the trial court holding a Ahearing@ on a
motion for summary judgment:

Except on leave of court,
with notice to opposing counsel, the motion and any supporting affidavits shall
be filed and served at least twenty-one days before the time specified for
hearing.  Except on leave of court,
the adverse party, not later than seven days prior to the day of hearing
may file and serve opposing affidavits or other written response.

 








Tex. R. Civ. P. 166a(c) (emphasis added).  According to appellant, this rule requires a
hearing with oral argument when read in conjunction with Denton County Local
Rule 1.11.5, which provides, ABy
agreement, parties may submit matters for ruling by the Judge without a
personal appearance and oral presentation. 
The Judge will be advised in writing when such procedure is desired.@  Denton County Uniform Rules of Court L.R.
1.11.5 (2003) (emphasis added).








But our supreme court has held that because oral
testimony may not be adduced in support or opposition of a motion for summary
judgment, an oral hearing is not mandatory even though it may be helpful to the
parties and the trial court.  Martin
v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex.
1998).  Local rule 1.11.5 does not change
this analysis.  It is a permissive rule
that allows the parties to submit a motion without oral argument if they so
agree; however, it does not contain any language restricting the trial court
from so submitting a motion if otherwise allowed by applicable procedural
rules.  See Tex. Gov=t Code
Ann. ' 311.016(1)
(Vernon 2005); Dallas County Cmty. Coll. Dist. v. Bolton, 185 S.W.3d
868, 873B74 (Tex.
2005); see also Martin, 989 S.W.2d at 359 (AUnless
required by the express language or the context of the particular rule, the
term >hearing= does
not necessarily contemplate either a personal appearance before the court or an
oral presentation to the court.@).  Accordingly, we conclude and hold that the
trial court did not err by submitting appellee=s motion
without oral argument.  For the same
reasons, we conclude and hold that notice of the January 7, 2008 Asubmission
date,@ which
appellant admitted receiving, was sufficient notice of a hearing date under
rule 166a(c).  Tex. R. Civ. P. 166a(c); Martin,
989 S.W.2d at 359 (ANotice of hearing or
submission of a summary judgment motion . . . is required.@)
(emphasis added); see Whiteside v. Ford Motor Credit Co., 220 S.W.3d
191, 194B95 (Tex.
App.CDallas
2007, no pet.) (holding that, because notice=s
purpose is to inform nonmovant when to file response, lack of any notice was
harmless when nonmovant filed response).[2]  We overrule appellant=s first,
third, and fourth issues.













Furthermore, even if appellee=s
counsel=s
January 7, 2008 letter to the trial court responding to appellant=s
summary judgment objections and motion for continuance could be considered an
ex parte communication,[3]
we conclude and hold that appellant was not prejudiced.  See Silcott v. Oglesby, 721 S.W.2d
290, 293 (Tex. 1986) (requiring showing of probable prejudice to reverse
judgment on ground of improper ex parte communication).  Rule 166a does not impose a deadline for a
summary judgment movant to object to the competency of evidence attached to a
nonmovant=s response.  Tex. R. Civ. P. 166a; Shelton v. Sargent,
144 S.W.3d 113, 119 (Tex. App.CFort
Worth 2004, pet. denied).  Likewise,
nothing in rule 166a imposes such a requirement on a movant responding to a
nonmovant=s objections to its summary
judgment evidence.  See Tex. R.
Civ. P. 166a.[4]  Although appellant contends that he was not
afforded an opportunity to respond, we note that the trial court did not sign
the final summary judgment until a month after the submission and letter date.  See Tex. R. Civ. P. 166a(c) (permitting
late-filed response upon leave of court); Neimes v. Ta, 985 S.W.2d 132,
138 (Tex. App.CSan Antonio 1998, pet. dism=d).  And although appellant claims that because of
the letter, A[t]he trial judge . . . acquired
facts that were outside of the evidentiary record as grounds for decision on
the matters before the Court,@  he does not identify what those facts
were.  The only factual assertion (as
opposed to legal argument) we discern from reading the letter is that A[p]laintiff=s
attorney of record timely received notice of the submission date set by this
Court.@  But this did not give the trial court
information Aoutside of the evidentiary
record@;
appellant=s counsel admitted in the Motion
for Continuance that Athere is a submission date of
January 7, 2008.@ 
Accordingly, we conclude and hold that appellant=s due
process rights were not violated because of the January 7, 2008 letter to the
trial judge.  See Tex. R. Civ. P.
166a; Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd., 974 S.W.2d 906,
912 (Tex. App.CAustin 1998, pet. denied)
(holding that letters to trial court did not constitute impermissible ex parte
communications under government code section 2001.061 (the APA) because
appellant received at least one letter and had notice of others and also had
opportunity to respond).  We overrule
appellant=s second issue.

          Was Denial of Motion for
Continuance an Abuse of Discretion?








In its fifth issue, appellant
contends that the trial court abused its discretion by denying its motion for
continuance.  In the motion, appellant
alleged that it had not had an adequate time for discovery, that appellant and
appellee had agreed that appellee would provide Acertain
business records with a business records affidavit@
regarding Asome unusual handwritten
notations@ on the face of the check, and
that Aif
everything checked out,@ appellant would dismiss
appellee, but appellant had not done so yet because appellee had not yet
provided the materials.  Although the
trial court did not expressly rule on the motion, the final summary judgment
recites that it was submitted on the scheduled submission date, January 7,
2008.

We review a trial court=s ruling
on a motion for continuance for an abuse of discretion.  See BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 800 (Tex. 2002). 
We do not substitute our judgment for that of the trial court.  In re Nitla S.A. de C.V., 92 S.W.3d
419, 422 (Tex. 2002) (orig. proceeding). 
Instead, we must determine whether the trial court=s action
was so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law.  Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 161 (Tex. 2004). 
The test is whether the trial court acted without reference to guiding
rules or principles.  Perry Homes v.
Cull, 258 S.W.3d 580, 602 (Tex. 2008), cert. denied, 129 S. Ct. 952
(2009).








The trial court may grant a continuance to a
party opposing a motion for summary judgment to permit further discovery if the
nonmovant can show the need for such discovery to oppose the motion.  Tex. R. Civ. P. 166a(g); Landers v. State
Farm Lloyds, 257 S.W.3d 740, 747 (Tex. App.CHouston
[1st Dist.] 2008, no pet.).  A motion for
continuance seeking time for discovery must be supported by an affidavit that
describes the evidence sought, explains its materiality, and shows that the
party requesting the continuance has used due diligence to timely obtain the
evidence.  Tex. R. Civ. P. 251, 252; Landers,
257 S.W.3d at 747; Cooper v. Circle Ten Council Boy Scouts of Am., 254
S.W.3d 689, 696 (Tex. App.CDallas
2008, no pet.).  In considering whether
the trial court abused its discretion, we consider such factors as the length
of time the case had been on file before the hearing, the materiality of the
discovery sought, whether the party seeking the continuance exercised due
diligence in obtaining the discovery, and what the party expects to prove.  Cooper, 254 S.W.3d at 696.

The affidavit of diligence must state with
particularity what diligence was used; conclusory allegations of diligence are
not sufficient.  Landers, 257
S.W.3d at 747.  A party who fails to
diligently use the rules of discovery is not entitled to a continuance.  State v. Wood Oil Distrib., Inc., 751
S.W.2d 863, 865 (Tex. 1988); Landers, 257 S.W.3d at 747; see Medford
v. Medford, 68 S.W.3d 242, 247B48 (Tex.
App.CFort
Worth 2002, no pet.).  Although the rules
do not require that a motion for continuance be filed on or before the summary
judgment response date, the filing of such a motion after that date can be
evidence of a lack of diligence.  See
Landers, 257 S.W.3d at 747.













To the extent the trial court impliedly denied
the motion for continuance,[5]
we conclude and hold that it did not abuse its discretion by denying it.  Although the motion was filed just two months
after the date of suit, it sought a traditional summary judgment as a matter of
law, rather than on no-evidence grounds. 
See Cooper, 254 S.W.3d at 697 (A[G]enerally
it is not an abuse of discretion to deny a motion for continuance when the
party has received the twenty‑one days= notice
required by rule 166a(c).@).  Appellant contended in its motion for
continuance that it wanted additional discovery on the unusual notations on the
front of the check, but it did not dispute the validity of the return log
except on hearsay and authentication grounds. 
The motion thus does not explain the materiality of the notations on the
check in light of the other evidence that the check was returned timely on
October 12, 2005.[6]  Further, the motion was not filed until after
the response date, three days before submission of the motion.  See Tex. R. Civ. P. 166a(c).  Accordingly, appellant failed to show
diligence in seeking the continuance.  See
Landers, 257 S.W.3d at 747.  We
conclude and hold that the trial court did not abuse its discretion by denying
the motion for continuance.  We overrule
appellant=s fifth issue.

         Did Trial Court Properly Grant
Summary Judgment for Appellee?

In its sixth and final issue,
appellant challenges the propriety of the summary judgment for appellee in
light of appellant=s objections to the summary
judgment evidence.

A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b), (c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor.  IHS Cedars Treatment Ctr., 143 S.W.3d
at 798.








Appellant first contends that the trial court
abused its discretion by overruling its objections to appellee=s
summary judgment evidence.  Appellee
contends that appellant failed to preserve its complaints because it did not
timely file the objections in the trial court within seven days of the summary
judgment motion submission date.  See
Tex. R. Civ. P. 166a(c) (requiring summary judgment response to be filed within
seven days of hearing); Tex. R. App. P. 33.1(a)(2)(A) (requiring trial court
ruling for preservation of error).  But
objections to summary judgment proof are not the same as a summary judgment
response; objections to the form of summary judgment proof may be raised at any
time before judgment is rendered, and objections to the substance of summary
judgment proof may be raised for the first time on appeal.[7]  See supra note 4; Wrenn v. G.A.T.X.
Logistics, Inc., 73 S.W.3d 489, 498 (Tex. App.CFort
Worth 2002, no pet.).  Because appellant=s
objections point to alleged defects in appellee=s
summary judgment proof rather than respond to grounds set forth in the motion,
we hold that they were timely filed.








Appellee also claims that appellant failed to
preserve its complaint as to the objections because it did not obtain a ruling
on them in the trial court.  But error as
to objections to summary judgment evidence is preserved if it is clear from the
record that the trial court implicitly ruled on the objections.  Cooper, 254 S.W.3d at 697B98; Frazier
v. Yu, 987 S.W.2d 607, 609B10 (Tex.
App.CFort
Worth 1999, pet. denied).  Here,
appellant objected to each item attached as summary judgment evidence, all of
which piece together the story of appellee=s
handling of the check, and appellant did not present any controverting
evidence.  The record thus supports the
conclusion that the trial court reviewed and implicitly overruled appellant=s
objections, thereby preserving appellant=s
complaint for appeal.  See Blum v.
Julian, 977 S.W.2d 819, 823B24 (Tex.
App.CFort
Worth 1998, no pet.).  Accordingly, we
will review whether the trial court abused its discretion by impliedly denying
appellant=s objections.

Appellant first objected to Harris=s
affidavit on the ground that there is an irreconcilable variance between Harris=s
statement that appellee returned the check at 10:50 p.m. on October 12, 2005, Aas
evidenced by the attached return log,@ and the
return log, which appellant contends does not show a check return date.  See Tex. R. Civ. P. 166a(c) (holding
that summary judgment can be based on uncontroverted testimony of interested
witness if Afree from contradictions and
inconsistencies@).  But the second page of the return log, which
bears the heading, ANON-POSTED TRANSACTIONS BY BANK
10/12/05 10:50 PM,@ lists the check, along with
others, with the notation ARETURNED.@








Appellant=s second
objection was that the affidavit was not based upon Harris=s
personal knowledge in that she Afail[ed]
to explain how she came into knowledge of the facts she purportedly testifies
to as required by Tex. R. Civ. P. 166a(f).@  Harris averred that she is an officer of
appellee and the supervisor of the Bookkeeping Department, that she was familiar
with the check, and that she had Apersonal
knowledge of the information contained@ in the
affidavit.  This is sufficient to meet
the personal knowledge requirement of rule 166a(f).  See Cooper, 254 S.W.3d at 698; Stucki
v. Noble, 963 S.W.2d 776, 780 (Tex. App.CSan
Antonio 1998, pet. denied) (personal knowledge requirement satisfied if
affidavit sufficiently describes relationship between affiant and case so that
it may be reasonably assumed that affiant has personal knowledge of facts
stated in affidavit).








Appellant further objected that Harris=s
affidavit contains hearsay in that (1) the attached exhibits Aare
wholly hearsay, not sworn to, unauthenticated, uncertified copies@ and (2)
Harris=s
statement Abased on the endorsement on the
back of the check@ renders that part of her
testimony hearsay because the endorsement is an out of court statement, made by
an unknown source, being offered to prove the truth of the matter asserted,
i.e., the day the check was deposited. 
As to the second complaint, the only averment of Harris=s based
on the endorsement is that Athe
Check was deposited with First State Bank of Brownsboro [appellant=s bank]
on Friday, October 7, 2005.@  However, appellant admitted in its original
petition that A[o]n or about October 7, 2005,
[appellant] duly indorsed and deposited check number 5137 in its bank, The
First State Bank of Brownsboro.@  See Holy Cross Church of God in Christ v.
Wolf, 44 S.W.3d 562, 568 (Tex. 2001); Green v. Ransor, Inc., 175
S.W.3d 513, 517 (Tex. App.CFort
Worth 2005, no pet.).

The first complaint is more problematic; although
Harris averred that she had personal knowledge of the facts contained in the
affidavit and stated all facts in the affirmative rather than relying solely on
the facts as stated in the attachments, she did not aver that the attachments
were Atrue and
correct@ copies,
nor are the copies of the attached documents certified.  See Tex. R. Civ. P. 166a(f) (ASworn or
certified copies of all papers or parts thereof . . . shall be
attached [to an affidavit] or served therewith.@); Priest
v. Tex. Animal Health Comm=n, 780
S.W.2d 874, 879 (Tex. App.CDallas
1989, no pet.) (ADocuments which are not sworn to
or certified in any way do not constitute summary judgment proof.@).  However, an affidavit need not contain the Amagic
words@ that
the copies are true and correct to be proper for purposes of rule 166a(f).  Priest, 780 S.W.2d at 879 (holding
that averment that attached documents correctly reflect averred-to test results
properly verified documents).








Here, Harris stated in the affidavit that she had
personal knowledge of the facts contained in the affidavit, that she was
familiar with the check and that a copy was attached, that appellee did not
receive the check until Tuesday, October 11, 2005 because of the Columbus Day
holiday (she did not expressly base this fact on any of the exhibits), and that
appellee returned the check on October 12, 2005 at 10:50 p.m.  It can be inferred from Harris=s
affidavit that the attached documents accurately support her knowledge of the
facts stated in her affidavit. 
Accordingly, we cannot conclude that the trial court=s
decision was so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or that the trial court acted without reference to
guiding rules or principles.

Based on the above, we conclude and hold that the
trial court did not abuse its discretion by overruling appellant=s
objections to appellee=s summary judgment
evidence.  Because appellant does not
challenge the sufficiency of the evidence to support summary judgment absent an
error in the rulings on its objections, we need not review the propriety of
summary judgment based on the grounds asserted by appellee in its motion.  See Tex. R. App. P. 47.1; Horsley‑Layman
v. Adventist Health Sys./Sunbelt, Inc., 221 S.W.3d 802, 809 (Tex. App.CFort
Worth 2007, pet. denied).  We overrule
appellant=s sixth issue.








                                             Conclusion

Having overruled appellant=s six
issues, we affirm the summary judgment for appellee.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON and MCCOY, JJ.; and WILLIAM
BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]We note that appellant
did not file a response, nor does he contend that he was prevented from filing
one.





[3]Although the letter was
addressed directly to the trial court judge and states that it was delivered AVia Hand Delivery,@ it is copied to
appellant=s counsel via mail and
facsimile, appellant=s counsel admitted in an
affidavit attached to the motion for new trial that he received it Aafter-the-fact,@ and it bears the
district clerk=s file-stamp of January
7, 2008 at 10:19 a.m., the day of submission previously set by the trial
court.  See In re Thoma, 873
S.W.2d 477, 496 (Tex. Rev. Trib. 1994, on appeal) (defining ex parte
communications as Athose that involve fewer
than all of the parties who are legally entitled to be present during the
discussion of any matter.  They are
barred in order to ensure that >every person who is legally interested in a
proceeding [is given the] full right to be heard according to law.=@).





[4]A nonmovant may file
objections to defects in the form of summary judgment evidence at any time
before judgment is rendered.  See Tex.
R. Civ. P. 166a(f); Life Ins. Co. of Va. v. Gar-Dal, Inc., 570 S.W.2d
378, 381 (Tex. 1978); Grotjohn Precise Connexiones Int=l, S.A. v. JEM Fin., Inc., 12 S.W.3d 859, 866
(Tex. App.CTexarkana 2000, no pet.);
Classen v. Irving Healthcare Sys., 868 S.W.2d 815, 822 (Tex. App.CDallas 1993), rev=d on other grounds, 898 S.W.2d 300 (Tex.
1995).





[5]Compare Hightower v.
Baylor Univ. Med. Ctr., 251 S.W.3d 218, 224B25 (Tex. App.CDallas 2008, pet. struck) (holding that appellant
did not preserve error because he failed to obtain ruling on motion for
continuance), and Dart v. Balaam, 953 S.W.2d 478, 483 (Tex. App.CFort Worth 1997, no pet.)
(holding same), with Tex. R. App. P. 33.1(a)(2)(A) (providing that, to
preserve error, trial court must have expressly or implicitly ruled on
request, objection, or motion), and Williams v. Bank One, Tex., N.A., 15
S.W.3d 110, 114B15 (Tex. App.CWaco 1999, no pet.)
(holding that trial court impliedly ruled on motion for continuance by granting
motion for summary judgment when appellant filed motion for continuance two
days before summary judgment hearing).





[6]Although, as appellant
points out, a response is not required, a nonmovant who declines to file a response
may only challenge the sufficiency of the evidence attached to the motion, not
present independent evidence that would defeat the evidence attached to the
motion.  See Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d  671,
678 (Tex. 1979).





[7]Appellant=s objections, based on
hearsay, lack of proper authentication, and the lack of personal knowledge as
to the statements in the affidavit, are objections to defects of form.  See Cooper, 254 S.W.3d at 697; Wrenn,
73 S.W.3d at 498.