

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-232-CV

AEROBIC MAINTENANCE & SERVICE, INC.                    APPELLANT

V.

FIRST UNITED BANK & TRUST CO.                    APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is an appeal from a summary judgment in a suit against a bank for

failing to promptly return a check in accordance with section 4.302 of the

Texas Business and Commerce Code.  Tex. Bus. & Com. Code Ann. § 4.302

(Vernon 2002).  In six issues, appellant Aerobic Maintenance & Service, Inc.

contends that (1) the trial court has unpublished, unapproved "private local

---

[1] *See* Tex. R. App. P. 47.4.

rules of procedure" that conflict with the rules of civil procedure, (2) the trial court violated appellant's due process rights by permitting counsel for appellee First United Bank & Trust Co. to communicate ex parte with the court without allowing appellant the opportunity to respond, (3) notice of a submission date is not notice that a summary judgment motion is set for a hearing, (4) the trial court failed to comply with rule 166a by failing to hold a hearing, (5) the trial court erred by denying a motion for continuance before ruling on the motion for summary judgment, and (6) the trial court erred by granting summary judgment based on objected-to evidence. Because the trial court's procedure is proper under the rules of civil procedure and the Denton County local rules, and because summary judgment was proper under the applicable standard of review, we affirm.

## Background Facts

Appellant installed two septic systems for Interstate Construction, a business owned by Mike McEvers. Interstate Construction issued a check dated September 21, 2005, which appellant deposited on October 7, 2005. On October 14, 2007, appellant's bank told appellant that the check was being returned unpaid. After investigating, appellant discovered that Linda McEvers had reported the check to her bank, appellee, as lost or stolen. The check never cleared.

2

Appellant sued appellee, Interstate Construction, the McEverses, and others on October 5, 2007. Appellant alleged the following causes of action against appellee: failing to timely act upon a check when presented for payment (Texas Business and Commerce Code section 4.302(a)) and retaining a check beyond midnight of the day after receiving it without settling or sending a notice of dishonor or return (section 4.302(b)). *Id*. § 4.302(a), (b).

On December 6, 2007, just over two months later, appellee filed a traditional motion for summary judgment, contending that it could prove as a matter of law that even though appellant deposited the check on Friday, October 7, 2005, appellee did not actually receive the check until Tuesday, October 11, 2005 because it was closed on Columbus Day—Monday, October 10, 2005—a federal holiday on which banks were required to close. Appellee attached as summary judgment evidence a copy of the proclamation signed by President Bush requiring the banks to close for Columbus Day and a copy of its records showing that the check had been returned at 10:50 p.m. on Wednesday, October 12, 2005. These copies were sworn to by Lisa Harris, an officer of appellee and supervisor of the Bookkeeping Department. In her affidavit, Harris avers that she is familiar with the check in question, that Monday, October 10, 2005 was a federal holiday, that the endorsement on the check shows that it was deposited with appellant's bank on October 7, 2005,

3

a Friday, that appellee did not receive the check until Tuesday because of the holiday, and that appellee returned it at 10:50 p.m. the next Wednesday as evidenced by the attached return log.

On the last page of the summary judgment motion is the following Notice of Hearing:

> A ~~hearing~~ submission date on the above and foregoing Defendant First United Bank & Trust Co.'s Motion for Summary Judgment is set for the 7 day of January, 2008 ~~at __ o'clock __.m. in this Court~~.

SIGNED this 6 day of December, 2007.

The strikeouts and the underlined words were handwritten on the document. The trial judge's signature appears immediately below the Notice.

On January 4, 2008, three days before the scheduled submission date of the motion for summary judgment, appellant filed objections to the Harris affidavit, claiming that (1) there is an irreconcilable difference between the affidavit and the return log attached as an exhibit because the exhibit shows only the date the check was received, not the date of return, (2) the affidavit contains hearsay and is not based on personal knowledge, and (3) the attached exhibits are hearsay. The same day, appellant also filed a verified motion for continuance, alleging that there had not been an adequate time for discovery and that appellant had agreed to voluntarily dismiss appellee if it provided

4

business records explaining the notations on the back of the check but that appellee had not done so, instead filing the motion for summary judgment. Appellant never filed a response to the motion for summary judgment.

The clerk's record also contains a letter dated January 7, 2008, addressed to the trial judge and copied to appellant's counsel, objecting to appellant's motion for continuance and response as untimely under both the rules of civil procedure and the Denton County local rules. The letter also attached case law holding that the trial court's setting a submission date rather than a hearing date on the motion for summary judgment is proper.

The trial court did not expressly rule on appellant's objections or motion for continuance. Instead, on February 7, 2008, the court signed a Final Summary Judgment in favor of appellee. The judgment begins,

> On the 7th day of January, 2008 came on for submission to the Court the Motion for Summary Judgment filed by FIRST UNITED BANK & TRUST CO. . . . . The Court, examining the motions and affidavits on file finds that Defendant's Motion for Summary Judgment as a matter of law should be granted. . . .

The trial court later severed the summary judgment on appellee's motion, making it final and appealable.

**Did Trial Court Properly Submit Summary Judgment
Motion Without Oral Argument?**

Appellant's first four issues challenge the procedure by which the trial court submitted appellee's motion for summary judgment. Specifically, appellant contends that submission of the motion without oral argument is not authorized by rule of civil procedure 166a(c) and Denton County Local Rule 1.11.5, that appellee's alleged ex parte communication to the trial court violated appellant's due process rights, and that notice that the motion would be "submitted" on January 7, 2008 was not notice of the required "hearing" under rule 166a(c).

Rule 166a(c) refers to the trial court holding a "hearing" on a motion for summary judgment:

> Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before *the time specified for hearing*. Except on leave of court, the adverse party, not later than seven days *prior to the day of hearing* may file and serve opposing affidavits or other written response.

Tex. R. Civ. P. 166a(c) (emphasis added). According to appellant, this rule requires a hearing with oral argument when read in conjunction with Denton County Local Rule 1.11.5, which provides, "By agreement, parties *may* submit matters for ruling by the Judge without a personal appearance and oral presentation. The Judge will be advised in writing when such procedure is

desired." Denton County Uniform Rules of Court L.R. 1.11.5 (2003) (emphasis added).

But our supreme court has held that because oral testimony may not be adduced in support or opposition of a motion for summary judgment, an oral hearing is not mandatory even though it may be helpful to the parties and the trial court. *Martin v. Martin, Martin & Richards, Inc*., 989 S.W.2d 357, 359 (Tex. 1998). Local rule 1.11.5 does not change this analysis. It is a permissive rule that allows the parties to submit a motion without oral argument if they so agree; however, it does not contain any language restricting the trial court from so submitting a motion if otherwise allowed by applicable procedural rules. *See* Tex. Gov't Code Ann. § 311.016(1) (Vernon 2005); *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 873–74 (Tex. 2005); *see also Martin*, 989 S.W.2d at 359 ("Unless required by the express language or the context of the particular rule, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court."). Accordingly, we conclude and hold that the trial court did not err by submitting appellee's motion without oral argument. For the same reasons, we conclude and hold that notice of the January 7, 2008 "submission date," which appellant admitted receiving, was sufficient notice of a hearing date under rule 166a(c). Tex. R. Civ. P. 166a(c); *Martin*, 989 S.W.2d at 359 ("Notice of hearing *or*

7

*submission* of a summary judgment motion . . . is required.") (emphasis added); *see Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194–95 (Tex. App.—Dallas 2007, no pet.) (holding that, because notice's purpose is to inform nonmovant when to file response, lack of any notice was harmless when nonmovant filed response).[2] We overrule appellant's first, third, and fourth issues.

Furthermore, even if appellee's counsel's January 7, 2008 letter to the trial court responding to appellant's summary judgment objections and motion for continuance could be considered an ex parte communication,[3] we conclude and hold that appellant was not prejudiced. *See Silcott v. Oglesby*, 721 S.W.2d 290, 293 (Tex. 1986) (requiring showing of probable prejudice to reverse judgment on ground of improper ex parte communication). Rule 166a

---

[2] We note that appellant did not file a response, nor does he contend that he was prevented from filing one.

[3] Although the letter was addressed directly to the trial court judge and states that it was delivered "Via Hand Delivery," it is copied to appellant's counsel via mail and facsimile, appellant's counsel admitted in an affidavit attached to the motion for new trial that he received it "after-the-fact," and it bears the district clerk's file-stamp of January 7, 2008 at 10:19 a.m., the day of submission previously set by the trial court. *See In re Thoma*, 873 S.W.2d 477, 496 (Tex. Rev. Trib. 1994, on appeal) (defining ex parte communications as "those that involve fewer than all of the parties who are legally entitled to be present during the discussion of any matter. They are barred in order to ensure that 'every person who is legally interested in a proceeding [is given the] full right to be heard according to law.'").

does not impose a deadline for a summary judgment movant to object to the competency of evidence attached to a nonmovant's response. Tex. R. Civ. P. 166a; *Shelton v. Sargent*, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pet. denied). Likewise, nothing in rule 166a imposes such a requirement on a movant responding to a nonmovant's objections to its summary judgment evidence. *See* Tex. R. Civ. P. 166a.[4] Although appellant contends that he was not afforded an opportunity to respond, we note that the trial court did not sign the final summary judgment until a month after the submission and letter date. *See* Tex. R. Civ. P. 166a(c) (permitting late-filed response upon leave of court); *Neimes v. Ta*, 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet. dism'd). And although appellant claims that because of the letter, "[t]he trial judge . . . acquired facts that were outside of the evidentiary record as grounds for decision on the matters before the Court," he does not identify what those facts were. The only factual assertion (as opposed to legal argument) we discern from reading the letter is that "[p]laintiff's attorney of record timely

---

[4] A nonmovant may file objections to defects in the form of summary judgment evidence at any time before judgment is rendered. *See* Tex. R. Civ. P. 166a(f); *Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381 (Tex. 1978); *Grotjohn Precise Connexiones Int'l, S.A. v. JEM Fin., Inc.*, 12 S.W.3d 859, 866 (Tex. App.—Texarkana 2000, no pet.); *Classen v. Irving Healthcare Sys.*, 868 S.W.2d 815, 822 (Tex. App.—Dallas 1993), *rev'd on other grounds*, 898 S.W.2d 300 (Tex. 1995).

received notice of the submission date set by this Court." But this did not give the trial court information "outside of the evidentiary record"; appellant's counsel admitted in the Motion for Continuance that "there is a submission date of January 7, 2008." Accordingly, we conclude and hold that appellant's due process rights were not violated because of the January 7, 2008 letter to the trial judge. *See* Tex. R. Civ. P. 166a; *Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd.*, 974 S.W.2d 906, 912 (Tex. App.—Austin 1998, pet. denied) (holding that letters to trial court did not constitute impermissible ex parte communications under government code section 2001.061 (the APA) because appellant received at least one letter and had notice of others and also had opportunity to respond). We overrule appellant's second issue.

**Was Denial of Motion for Continuance an Abuse of Discretion?**

In its fifth issue, appellant contends that the trial court abused its discretion by denying its motion for continuance. In the motion, appellant alleged that it had not had an adequate time for discovery, that appellant and appellee had agreed that appellee would provide "certain business records with a business records affidavit" regarding "some unusual handwritten notations" on the face of the check, and that "if everything checked out," appellant would dismiss appellee, but appellant had not done so yet because appellee had not yet provided the materials. Although the trial court did not expressly rule on

10

the motion, the final summary judgment recites that it was submitted on the scheduled submission date, January 7, 2008.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for that of the trial court. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Perry Homes v. Cull*, 258 S.W.3d 580, 602 (Tex. 2008), *cert. denied*, 129 S. Ct. 952 (2009).

The trial court may grant a continuance to a party opposing a motion for summary judgment to permit further discovery if the nonmovant can show the need for such discovery to oppose the motion. Tex. R. Civ. P. 166a(g); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A motion for continuance seeking time for discovery must be supported by an affidavit that describes the evidence sought, explains its materiality, and shows that the party requesting the continuance has used due diligence to timely obtain the evidence. Tex. R. Civ. P. 251, 252; *Landers*, 257

11

S.W.3d at 747; *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 696 (Tex. App.—Dallas 2008, no pet.). In considering whether the trial court abused its discretion, we consider such factors as the length of time the case had been on file before the hearing, the materiality of the discovery sought, whether the party seeking the continuance exercised due diligence in obtaining the discovery, and what the party expects to prove. *Cooper*, 254 S.W.3d at 696.

The affidavit of diligence must state with particularity what diligence was used; conclusory allegations of diligence are not sufficient. *Landers*, 257 S.W.3d at 747. A party who fails to diligently use the rules of discovery is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *Landers*, 257 S.W.3d at 747; *see Medford v. Medford*, 68 S.W.3d 242, 247–48 (Tex. App.—Fort Worth 2002, no pet.). Although the rules do not require that a motion for continuance be filed on or before the summary judgment response date, the filing of such a motion after that date can be evidence of a lack of diligence. *See Landers*, 257 S.W.3d at 747.

To the extent the trial court impliedly denied the motion for continuance,[5] we conclude and hold that it did not abuse its discretion by denying it. Although the motion was filed just two months after the date of suit, it sought a traditional summary judgment as a matter of law, rather than on no-evidence grounds. *See Cooper*, 254 S.W.3d at 697 ("[G]enerally it is not an abuse of discretion to deny a motion for continuance when the party has received the twenty-one days' notice required by rule 166a(c)."). Appellant contended in its motion for continuance that it wanted additional discovery on the unusual notations on the front of the check, but it did not dispute the validity of the return log except on hearsay and authentication grounds. The motion thus does not explain the materiality of the notations on the check in light of the other evidence that the check was returned timely on October 12, 2005.[6] Further,

---

[5] *Compare Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224–25 (Tex. App.—Dallas 2008, pet. struck) (holding that appellant did not preserve error because he failed to obtain ruling on motion for continuance), *and Dart v. Balaam*, 953 S.W.2d 478, 483 (Tex. App.—Fort Worth 1997, no pet.) (holding same), *with* Tex. R. App. P. 33.1(a)(2)(A) (providing that, to preserve error, trial court must have expressly or *implicitly* ruled on request, objection, or motion), *and Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114–15 (Tex. App.—Waco 1999, no pet.) (holding that trial court impliedly ruled on motion for continuance by granting motion for summary judgment when appellant filed motion for continuance two days before summary judgment hearing).

[6] Although, as appellant points out, a response is not required, a nonmovant who declines to file a response may only challenge the sufficiency of the evidence attached to the motion, not present independent evidence that

13

the motion was not filed until after the response date, three days before submission of the motion. *See* Tex. R. Civ. P. 166a(c). Accordingly, appellant failed to show diligence in seeking the continuance. *See Landers*, 257 S.W.3d at 747. We conclude and hold that the trial court did not abuse its discretion by denying the motion for continuance. We overrule appellant's fifth issue.

## Did Trial Court Properly Grant Summary Judgment for Appellee?

In its sixth and final issue, appellant challenges the propriety of the summary judgment for appellee in light of appellant's objections to the summary judgment evidence.

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* Tex. R. Civ. P. 166a(b), (c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798.

---

would defeat the evidence attached to the motion. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Appellant first contends that the trial court abused its discretion by overruling its objections to appellee's summary judgment evidence. Appellee contends that appellant failed to preserve its complaints because it did not timely file the objections in the trial court within seven days of the summary judgment motion submission date. *See* Tex. R. Civ. P. 166a(c) (requiring summary judgment response to be filed within seven days of hearing); Tex. R. App. P. 33.1(a)(2)(A) (requiring trial court ruling for preservation of error). But objections to summary judgment proof are not the same as a summary judgment response; objections to the form of summary judgment proof may be raised at any time before judgment is rendered, and objections to the substance of summary judgment proof may be raised for the first time on appeal.[7] *See supra* note 4; *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 498 (Tex. App.—Fort Worth 2002, no pet.). Because appellant's objections point to alleged defects in appellee's summary judgment proof rather than respond to grounds set forth in the motion, we hold that they were timely filed.

Appellee also claims that appellant failed to preserve its complaint as to the objections because it did not obtain a ruling on them in the trial court. But

---

[7] Appellant's objections, based on hearsay, lack of proper authentication, and the lack of personal knowledge as to the statements in the affidavit, are objections to defects of form. *See Cooper*, 254 S.W.3d at 697; *Wrenn*, 73 S.W.3d at 498.

15

error as to objections to summary judgment evidence is preserved if it is clear from the record that the trial court implicitly ruled on the objections. *Cooper*, 254 S.W.3d at 697–98; *Frazier v. Yu*, 987 S.W.2d 607, 609–10 (Tex. App.—Fort Worth 1999, pet. denied). Here, appellant objected to each item attached as summary judgment evidence, all of which piece together the story of appellee's handling of the check, and appellant did not present any controverting evidence. The record thus supports the conclusion that the trial court reviewed and implicitly overruled appellant's objections, thereby preserving appellant's complaint for appeal. *See Blum v. Julian*, 977 S.W.2d 819, 823–24 (Tex. App.—Fort Worth 1998, no pet.). Accordingly, we will review whether the trial court abused its discretion by impliedly denying appellant's objections.

Appellant first objected to Harris's affidavit on the ground that there is an irreconcilable variance between Harris's statement that appellee returned the check at 10:50 p.m. on October 12, 2005, "as evidenced by the attached return log," and the return log, which appellant contends does not show a check return date. *See* Tex. R. Civ. P. 166a(c) (holding that summary judgment can be based on uncontroverted testimony of interested witness if "free from contradictions and inconsistencies"). But the second page of the return log,

16

which bears the heading, "NON-POSTED TRANSACTIONS BY BANK 10/12/05 10:50 PM," lists the check, along with others, with the notation "RETURNED."

Appellant's second objection was that the affidavit was not based upon Harris's personal knowledge in that she "fail[ed] to explain how she came into knowledge of the facts she purportedly testifies to as required by Tex. R. Civ. P. 166a(f)." Harris averred that she is an officer of appellee and the supervisor of the Bookkeeping Department, that she was familiar with the check, and that she had "personal knowledge of the information contained" in the affidavit. This is sufficient to meet the personal knowledge requirement of rule 166a(f). *See Cooper*, 254 S.W.3d at 698; *Stucki v. Noble*, 963 S.W.2d 776, 780 (Tex. App.—San Antonio 1998, pet. denied) (personal knowledge requirement satisfied if affidavit sufficiently describes relationship between affiant and case so that it may be reasonably assumed that affiant has personal knowledge of facts stated in affidavit).

Appellant further objected that Harris's affidavit contains hearsay in that (1) the attached exhibits "are wholly hearsay, not sworn to, unauthenticated, uncertified copies" and (2) Harris's statement "based on the endorsement on the back of the check" renders that part of her testimony hearsay because the endorsement is an out of court statement, made by an unknown source, being offered to prove the truth of the matter asserted, i.e., the day the check was

17

deposited. As to the second complaint, the only averment of Harris's based on the endorsement is that "the Check was deposited with First State Bank of Brownsboro [appellant's bank] on Friday, October 7, 2005." However, appellant admitted in its original petition that "[o]n or about October 7, 2005, [appellant] duly indorsed and deposited check number 5137 in its bank, The First State Bank of Brownsboro." *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001); *Green v. Ransor, Inc.*, 175 S.W.3d 513, 517 (Tex. App.—Fort Worth 2005, no pet.).

The first complaint is more problematic; although Harris averred that she had personal knowledge of the facts contained in the affidavit and stated all facts in the affirmative rather than relying solely on the facts as stated in the attachments, she did not aver that the attachments were "true and correct" copies, nor are the copies of the attached documents certified. *See* Tex. R. Civ. P. 166a(f) ("Sworn or certified copies of all papers or parts thereof . . . shall be attached [to an affidavit] or served therewith."); *Priest v. Tex. Animal Health Comm'n*, 780 S.W.2d 874, 879 (Tex. App.—Dallas 1989, no pet.) ("Documents which are not sworn to or certified in any way do not constitute summary judgment proof."). However, an affidavit need not contain the "magic words" that the copies are true and correct to be proper for purposes of rule 166a(f). *Priest*, 780 S.W.2d at 879 (holding that averment

18

that attached documents correctly reflect averred-to test results properly verified documents).

Here, Harris stated in the affidavit that she had personal knowledge of the facts contained in the affidavit, that she was familiar with the check and that a copy was attached, that appellee did not receive the check until Tuesday, October 11, 2005 because of the Columbus Day holiday (she did not expressly base this fact on any of the exhibits), and that appellee returned the check on October 12, 2005 at 10:50 p.m. It can be inferred from Harris's affidavit that the attached documents accurately support her knowledge of the facts stated in her affidavit. Accordingly, we cannot conclude that the trial court's decision was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or that the trial court acted without reference to guiding rules or principles.

Based on the above, we conclude and hold that the trial court did not abuse its discretion by overruling appellant's objections to appellee's summary judgment evidence. Because appellant does not challenge the sufficiency of the evidence to support summary judgment absent an error in the rulings on its objections, we need not review the propriety of summary judgment based on the grounds asserted by appellee in its motion. *See* Tex. R. App. P. 47.1; *Horsley-Layman v. Adventist Health Sys./Sunbelt, Inc.*, 221 S.W.3d 802, 809

19

(Tex. App.—Fort Worth 2007, pet. denied). We overrule appellant's sixth issue.

## Conclusion

Having overruled appellant's six issues, we affirm the summary judgment for appellee.


                                        TERRIE LIVINGSTON
                                        JUSTICE

PANEL: LIVINGSTON and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: May 21, 2009